WANLESS v. McCANDLESS ET AL.

1. **Principal and agent:** AUTHORITY: SALE. Where an agent for the sale of land was instructed to sell for "one-third cash," a contract made by him to sell without a strict compliance with that condition could not be enforced against his principal.

2. ———: ———: CUSTOM. Proof that the custom of a county did not require purchasers of land to pay cash, though the terms of sale were for cash payment, will not sustain a contract of sale made by an agent who had violated an instruction to sell for "one-third cash."

*Appeal from Hancock District Court.*

WEDNESDAY, DECEMBER 17.

ACTION in chancery to compel the specific performance of a contract to sell and convey certain lands in Hancock county, by defendant, McCandless, to plaintiff, and to set aside a deed for the same lands made by McCandless to defendant, Clark. There was a trial in the District Court upon the merits of the case, and a decree rendered dismissing plaintiff's petition. He now appeals to this court. The facts of the case are set out in the opinion.

*Card & Miller* and *Bush & Bush*, for appellant.

*Starr, Patterson & Harrison*, for appellees.

BECK, CH. J.—Plaintiff claims that he made a valid contract of purchase of the lands involved in the suit with defendant, McCandless, who failed to convey the lands to plaintiff but subsequently sold and deeded them to the other defendant, Clark; that he went immediately into the possession of the lands and has made improvements thereon by breaking a part of them, of all of which Clark had full notice before the conveyance to him.

The controlling question in the case, and the only one that is at all necessary to be determined is, whether there was in fact a valid sale of the lands by McCandless to plaintiff—such contract as can be enforced. The question is one mainly of fact, and its consideration involves the application of no other

than elementary principles of the law, about which there can be no dispute.

The contract for the sale of the lands was made by one Elder, acting as the agent of McCandless. His authority so to act was confirmed by a written instrument in which the lands in question are described among others. It is in these words:

"To J. M. ELDER, Land Agent:

I, Wm. G. McCandless, do hereby authorize J. M. Elder, of Hancock county, to sell the following real estate in said county, at the prices affixed to said descriptions, if sales are effected within 12 months from this date, and for such sales make him my exclusive agent for that time.

Dated at Pittsburgh, this 23d day of November, 1869.

| Parts of Sections. | Sec. | Town. | Range. | Acres. | Price per Acre. | Total Amount. |
|---|---|---|---|---|---|---|
| SE¼ & E½ of SW¼ | 30 | 97 | 23 | 240 | $5.00 | |
| E½ of SE¼ & S½ of NE¼ of SE¼ | 31 | 97 | 23 | 100 | $5.00 | |
| S½ of SW¼ & NW¼ of Sw¼ | 32 | 97 | 23 | 120 | $5.00 | |
| W½ of SE¼ & SE¼ of SE¼ | 33 | 97 | 23 | 120 | $5.00 | |
| W½ of SE¼ & W½ of NE¼ | 34 | 97 | 23 | 160 | $5.00 | |

Terms of payment to be at least one-third cash, the balance in one and two years, to be secured by mortgage on the premises, and bearing interest at 10 per cent. per annum.

Sell in parcels of .... acres at a time if you can sell in no larger quantity."

On the first day of June, 1870, Elder made a contract with plaintiff to sell him the lands on these terms: Plaintiff was to pay $5.50 per acre, one-third cash when the deed was made and delivered to him, and the balance in one and two years in equal installments, with interest at ten per centum per annum. But this offer was only made after Elder had agreed to advance the cash payment, plaintiff not having the money, and not expecting to be able to obtain it for a month or more.

There were no writings signed by the parties; plaintiff paid $20 upon this contract. Elder directed plaintiff to take possession of the land, which he did by commencing to break the prairie at once. On the same day Elder wrote to McCandless as follows, enclosing a deed for the lands to be executed by him:

"CONCORD, HANCOCK Co., IOWA, June 1st, 1870.

"WM. G. McCANDLESS, ESQ.:

*Dear Sir:*—I have this day sold of your land the SE¼ of Sec. 30, Tp. 97, R. 23, for $5½ per acre—$880; ⅓ cash on or before July 15th next, bal. 1 and 2 years or sooner. The parties have money coming about July 1st, and I concluded not to let the chance pass for a few days. If it makes a material difference, I will advance it. Therefore send deed in name of Alonzo Wanless, Winneshiek Co., Iowa. I will take mortgage in due form and return with notes when received.

Yours Truly,        J. M. ELDER."

On the 31st day of May, 1871, one Brockway wrote to McCandless, conveying an offer made by Clark for the same lands Elder had contracted to plaintiff, which also covered a deed to be executed by McCandless. Clark's offer included eighty acres of land not involved in the transaction with plaintiff. This letter was received by McCandless on the 2d day of June, and he at once accepted the proposition contained therein, and executed a deed, and the next day mailed it to Brockway. On the same day he wrote to Elder announcing the sale of the land to Clark. On the 7th of the same month, he received Elder's letter, and immediately replied, announcing the prior sale to Clark. The deed was received by Brockway, and in due time delivered to the purchaser. It appears that Clark's agent, who transacted the business for him, knew of the negotiation and sale between Elder and the plaintiff, after he had made his proposition to purchase to Brockway, and plaintiff the day, or certainly the day after, he made this contract, was informed of Clark's offer, which was represented to him as a purchase of the land. He had at the time commenced breaking the land, and had not worked at it more than one

day.    McCandless knew nothing of the transaction with plaintiff until he received Elder's letter.    There seems to have been no bad faith on the part of any one concerned in these different transactions.

Was the contract of sale made by Elder to plaintiff within the scope of his authority as the agent of McCand-

1. PRINCIPAL AND AGENT: authority: sale.

less?    If not, it cannot be enforced against his principal.

By the express words of Elder's authority as agent, he was restricted, as to the time of payment upon the sale he should make, to receive one-third cash.    This was a limitation on his authority, and McCandless was bound by no contract made by him which did not conform thereto.    He could as well have sold for a less price than that prescribed in the instrument, and claim the sale to be valid, as insist that he could disregard the terms as to the cash payment.    Was the sale in this respect a violation of the agent's instructions— that is, did he sell without receiving one-third cash?    He did receive but $20 dollars from plaintiff.    Elder agreed that he *would* advance the money for plaintiff, but it nowhere appears that he *did* do so.    It cannot be claimed that at any time before the delivery of the deed by McCandless to Clark, the one-third of the purchase money was paid.    Now when was the cash to be paid?    Plaintiff insists that it was time enough to pay it when McCandless' deed should be delivered to him.    But this will not do.    Plaintiff is claiming to enforce a contract of *sale* of the lands made by Elder.    If there was no sale his case must fall; if there was, as we have seen, it was made in violation of the express limitation on the agent's authority, and for that reason, is void.    Elder's authority was to sell the lands—not to contract a future sale—upon receiving one-third of the purchase money.    And the contract made by him, as disclosed by the evidence, is of a present sale—not a contract for a future sale.    We conclude that the sale, as made by Elder, was in excess of his authority, and therefore not binding on McCandless.

Plaintiff insists that by a custom prevailing in the county

where the contract was made, purchasers of land do not pay 2. ——: ——: cash, though the terms be for cash payments, until custom. deeds are delivered. But a custom cannot overcome an express contract, nor defeat an express limitation upon the authority of an agent, nor be received in evidence to change the obvious meaning of words occurring in instruments of writing of the character of the one before us.

III. It is claimed that the evidence shows that McCandless ratified the sale to plaintiff. We do not think the proof sustains the position. At all events, the acts that are claimed to amount to a ratification were done after the delivery of the deed to Clark, and the payment of the money by him. At that time McCandless could do no act that would disturb Clark's right to the land.

IV. Much is said about the agency of Brockway, and of another party, and the irregularity of the sale to Clark, and the want of authority of those negotiating it, etc. However true all these matters are, they cannot cure the want of authority in Elder to make the sale upon the terms he did. If the sale made by him is not good, defects or invalidities in the transaction with Clark will not give plaintiff a right to enforce the contract. But it cannot be denied that, finally, a valid contract of sale of the land to Clark was made, by the delivery of the deed to him, and by his payment of the money to McCandless or his agent.

In our opinion the District Court reached a correct conclusion as to the law and the facts of the case; its decision is therefore

AFFIRMED.