## C. A. BERRY v. J. W. TWEED, Appellant.

**Land Sale Commission: Principal and Agent: CONSTRUCTION.** A letter
stating terms of leasing, "or if sold I want $15 per acre on almost
any terms to suit purchaser if $1,200 is paid cash and 8 per cent
on deferred payments," gives no authority to sell. It requires
that all offers to buy must be submitted to the writer, and no
commission may be recovered for a sale not ratified by him. See
*Furst v. Tweed, post* 300.

*Appeal from Guthrie District Court.*—HON. J. H. HEN-
DERSON, Judge.

SATURDAY, JANUARY 19, 1895.

Action at law to recover commission for the sale of
real estate. Trial to a jury. Verdict and judgment
for plaintiff, and defendant appeals.—*Reversed.*

*E. R. Sayles* for appellant.

*John W. Foster* and *Barcroft & McCaughan* for
appellee.

Deemer, J.—Plaintiff is an attorney at law and
real estate agent, residing at Casey, in this state. The
defendant is a resident of the state of Ohio. In Feb-
ruary, 1892, defendant was the owner of some land situ-
ated in Guthrie county, Iowa, and plaintiff claims that

defendant, by letter, made him his agent to find a purchaser for or sell the land, agreeing to pay him as compensation therefor the sum of ninety dollars; that about the eighteenth day of April, 1892, he found a purchaser, who was ready and willing to take the land, and to whom he sold it at the price and upon the terms proposed by the defendant; that defendant wrongfully refused to make a deed to the purchaser, or to carry out the contract of sale, although the purchaser was at all times ready and willing to take the premises and pay the consideration therefor. Defendant admits the writing of the letter which plaintiff claims made him defendant's agent, but denies that plaintiff ever undertook to or did find a purchaser for or that he sold the lands upon the terms authorized, and denies that the purchaser ever offered to purchase the premises upon terms ever authorized by him. He avers that the contract made by Berry with the purchaser of the land was wholly unauthorized, and was made without his knowledge or consent; that it was contrary to the terms upon which he had authorized plaintiff to sell; that plaintiff did not act in good faith with him, but misrepresented the terms upon which he had sold the land; and that plaintiff and the reputed purchaser were colluding and conspiring together to cheat and wrong defendant; and that they made, executed, and recorded a contract for the sale of the land, which is a cloud on defendant's title; and that by reason of plaintiff's misconduct, he has forfeited all rights to compensation. Defendant also avers that he terminated plaintiff's agency about March 14, 1892, and that, at the time of the alleged sale of the land, plaintiff was no longer authorized to sell it, as he was at that time simply employed to rent the property. Defendant also pleaded a counterclaim for damages suffered by him by the conduct of

plaintiff and the alleged purchaser of the land in clouding his title by the execution, acknowledging, and recording of the contract of sale. The case on the issues thus presented was tried to a jury, and a verdict was returned for plaintiff, on which judgment was rendered.

The question as to whether plaintiff made a valid contract for the sale of the lands within the scope of the authority conferred upon him by the defendant was decided adversely to the plaintiff in the case of *Furst v. Tweed*, 93 Iowa, 300. On the trial of this case, the court below gave the following instructions: "If you find from the evidence that after the receipt of the letter written by the defendant on February 12, 1892, the plaintiff sold the land of the defendant to one F. Furst, at fifteen dollars per acre, upon any terms to suit purchaser, provided that at least twelve hundred dollars of the purchase price is paid cash, and deferred payments to bear eight per cent. annual interest, and that said purchaser was willing and able to comply with the said terms of purchase of said land, and that the defendant has refused to execute a deed to the said Furst in accordance with said sale, then the plaintiff is entitled to recover the amount of the commission stated in said letter, to-wit, the sum of ninety dollars, with interest from date of refusal to make deed by defendant. The plaintiff, however, will not be entitled to recover his commission unless he found a purchaser for the land upon the terms as stated in said letter, and made a sale to him on said terms. A purchaser under said letter must pay cash at least twelve hundred dollars; but a sale made for a greater sum to be paid in cash, and the deferred payments at eight per cent. annual interest, would be within the terms authorized by the said letter. If, however, the plaintiff did not find a purchaser, and make a sale according to the terms stated in said letter, he then will not be entitled to recover any commissions.

The contract of sale made and signed on April 18, 1892, and which has been introduced in evidence, purports a sale made in accordance with the instructions given in the letter of February 22, 1892, and on terms authorized in said letter; and if you find that the contract of sale between C. A. Berry, as agent, and F. Furst, was made in good faith, as of the date thereof, that said F. Furst was able and willing to comply therewith, and that the defendant has refused to comply with said sale and execute a deed therefor, then the plaintiff is entitled to recover the sum of ninety dollars, as commission provided in said letter, with six per cent. interest from refusal to make deed by defendant. If you fail to so find, he cannot recover." In view of what is said in the *Furst-Tweed Case, supra,* it is apparent that these instructions were erroneous.

II.　Complaint is made of the court's refusal to give certain instructions asked by defendant. These instructions related to the alleged bad faith of the plaintiff in dealing with defendant, and to the counterclaim pleaded as a part of the answer. We do not find any evidence of bad faith sufficient to justify such an instruction as was asked on this subject, and there was no testimony adduced in support of the counterclaim.

III.　Errors are assigned on the admission and rejection of testimony. We need not set out the rulings complained of. They relate almost wholly to objections sustained to questions asked on cross-examination, and we discover no error.

For the error above pointed out, the judgment is *reversed.*