## F. Furst, Appellant, v. J. W. Tweed.

**Contract of Sale.** Writing signed by the agent of a landowner and an intending buyer stating a rate of interest and that if such rate is not satisfactory to the owner, the buyer is "to have privilege to make eight per cent rate or pay cash," is not a completed contract.

Construction: principal and agent. A letter stating that if sold, the owner wanted fifteen dollars an acre, "on almost any terms to suit buyer if $1,200 is paid cash and 8 per cent on deferred payments," is not authority to sell. It requires all offers to be submitted to the owner.

*Appeal from Guthrie District Court.*—Hon. J. H. Henderson, Judge.

Saturday, January 19, 1895.

This is a suit in equity for the specific performance of an alleged contract for the sale of two hundred and forty acres of land. There was a decree for the defendant, and plaintiff appeals.—*Affirmed.*

*John W. Foster* for appellant.

*E. R. Sayles* for appellee.

Rothrock, J.—The defendant is a resident of the state of Ohio, and was the owner of the land in controversy. The plaintiff is a resident of Guthrie county, where the property is situated. The land is fenced for a pasture, but has no other improvements. One C. A. Berry is a real estate agent in Guthrie county, and on the eighteenth day of April, 1892, he entered into a written contract for the sale of the land to the plaintiff. The contract purports to have been made by the defendant, by C. A. Berry, his agent.

There are two questions presented by the record. The first is, was the contract an unconditional and binding obligation, by which the defendant can be required to make a conveyance of the land to the plaintiff? The material part of the instrument is as follows: "The party of the first part agrees to sell the party of the second part the following described real estate [describing it], for the sum of three thousand six hundred dollars; and the party of the second part agrees to purchase the real estate above described, for the sum of three thousand six hundred dollars, and pay said sum therefor as follows: Two hundred dollars on the execution of this agreement; one thousand four hundred dollars on the day the deed and clear title is delivered; one thousand dollars on the eighteenth day of April, 1895; one thousand dollars on the eighteenth day of April, 1897. To be secured by first mortgage on above-described land, with interest thereon at seven per cent. * * * If rate of interest is not satisfactory to J. W. Tweed, Mr. Furst to have privilege to make eight per cent. rate or pay cash." It will be observed that the plaintiff reserved the option to either pay eight per cent. interest on deferred payments, or pay cash. The writing was nothing more than an offer to purchase, and, by any fair construction of the whole instrument, it was not a binding contract, even if Berry was authorized by the plaintiff to make a sale. It was not a completed contract, for the reason that, by its terms, it was to be submitted to the defendant for his acceptance or rejection of the offer of seven per cent. interest, and, if rejected, then the plaintiff was to have the option to pay cash or eight per cent. interest on deferred payments. He was to have that "privilege." Nothing can be plainer than that the writing was not a contract binding the defendant to sell and convey his land. There was no meeting of the minds of the parties upon

the same proposition. We must not bo expected to cite authorities in support of the elementary principles of the law of contracts.

II. The second question is, was Berry authorized by the defendant to make a contract for the sale of the land? The power to make such a contract is claimed to be found in a letter written by the defendant and addressed to Berry, which was as follows: "Mr. E. B. Burr, of your place, has written me, and I have referred him to you, for terms of lease or sale. I want, for this season, the same I had last,—$206 net, cash for pasture; or, if sold, I want $15 per acre, on almost any terms to suit purchaser, if $1,200 is paid cash, and 8 per cent. annual interest on deferred payments. If you succeed in selling, I am willing to allow and pay you 2½ per cent. commission ($90)." It is insisted this letter authorized Berry to enter into a contract of sale, and make it obligatory on the defendant, and particular attention is requested to the clause, "If you succeed in selling, I am willing to allow and pay you 2½ per cent. commission ($90)." The answer to this contention is that whatever authority there was in the matter of a sale is to be found in the preceding part of the letter. That is not an absolute statement of the terms of sale. The provision "on almost any terms to suit purchaser" plainly implies that the proposition as to terms was to be submitted to the defendant. It may further be said that there is other correspondence which plainly shows that the intention of the defendant was to confer on Berry no more authority than to receive offers, and submit them to the defendant.

The case demands no further consideration, and the decree of the District Court is *affirmed.*