MARTIN EVENSON, Appellee, v. CHRIS OLSON, Appellant.

PARTNERSHIP: Accounting. In a partnership accounting, involving a partnership in the disposal of a stock of goods, the court, in determining profits, should proceed, in the absence of evidence of any greater value, on the basis of what one of the partners originally paid for the goods—not on the basis of what the goods invoiced when they were so purchased.

PARTNERSHIP: Judgment on Accounting. A partner whose profit and interest is in a stock of goods, and who acquiesces

in a trade of such stock for land taken in the name of the other partner, is not entitled, on settlement, to a personal judgment against the other partner for his interest, but only to a lien on the land for the amount due him.

*Appeal from Monona District Court.*—J. W. ANDERSON, Judge.

OCTOBER 2, 1920.

THE trial court adjudged that, on settlement of the affairs of a partnership at one time existing between these parties, a stated sum was due the plaintiff, appellee, and gave him decree and judgment for that amount. Defendant appeals.—*Modified and affirmed.*

*Prichard & Prichard,* for appellant.

*Crary & Crary,* for appellee.

SALINGER, J.—I. The defendant bought a stock of merchandise, and he entered into an arrangement with plaintiff which amounted to a partnership between them, at least so far as conducting a business to dispose of said stock is concerned. This relation was ended on January 1, 1918. As said, the plaintiff prays an accounting, to the end that it may be adjudged how much is due him on account of net profits made by this partnership. Though, when this stock was purchased, the sellers had invoiced it at $11,430.96, they sold it to defendant for $5,500. One agreement between the defendant and the plaintiff was that, from any share of profits due defendant, he should suffer a deduction for interest at the rate of 8 per cent, on one half of said $5,500. The first conflict is this: Defendant insists that, in counting profits, the deduction for stock bought by him should be the invoice price of $11,430.96; while plaintiff contends that the deduction should not be this invoice price, but the $5,500 actually

*i. PARTNER-
SHIP:
accounting.*

paid for the stock. The court agreed with the plaintiff. We hold that in this it did not err. Even if we assume the evidence shows that the plaintiff was not to share in any profit resulting because the stock purchased was worth more than the $5,500 paid for it, that would not bind the plaintiff to treat the stock as being worth the invoice price of $11,430.96. Neither he nor the defendant made this invoice, and the amount named therein would not establish against either that the stock was worth the invoice price. To make that price the start of the accounting, there must, on any theory, be evidence either that the stock bought was worth more than $5,500, and how much more, or of an agreement that the value should be the said invoice amount. There is no evidence for either proposition. It must follow that the trial court rightly ordered that, in computing profits due the plaintiff, the $5,500 paid for the stock, and not the invoice price, should be one deduction from gross profits.

II. An invoice taken when the partnership was terminated, placed the value of the stock on hand at $14,018.64. The court scaled this by 10 per cent, and gave a money judgment which treated the 90 per cent of the invoice price precisely as it should be dealt with if the partnership had received the 90 per cent in cash. On that theory, it gave judgment for plaintiff in $2,077.34, with interest on that sum at 6 per cent from January 1, 1918. This action could not be complained of, had the sale been for cash; but it was not. The defendant traded this stock for Iowa land, and in the same trade put in the building which defendant owned as an individual, but in which the business of the partnership had been conducted. He took the title to this land in his individual name. There is no evidence that he ever tendered a conveyance to plaintiff, and no evidence that plaintiff has demanded one, or demanded any interest in the land. The theory upon which the money judgment rests, is a finding that trading this building and this stock constituted a conversion of such interest as plaintiff had in the profits of the partnership, and his money judgment is an allowance of

2. PARTNER-
SHIP: judg-
ment on
accounting.

damages caused by such conversion. Appellee puts it thus:

"Certainly, this clandestine and arbitrary appropriation of the plaintiff's profits and the stock of goods and business amounted to a conversion, for which the defendant is justly chargeable."

Appellant responds—and we think the record warrants it—that there was nothing clandestine or secret about the transaction, and that nothing was done that worked a conversion, because the trade was made with the full knowledge and acquiescence of the plaintiff. The record discloses that plaintiff was in possession of the store when this trade was made; that, while it may be true the contract to sell or trade was made in his absence, and without his knowledge, yet plaintiff did know the trade was made, helped invoice the stock, and, in speaking of the trade, he testified:

"I left the stock, and let the man to whom it was traded take possession. I made no objection. The stock has been sold and removed."

Here is no conversion. Under this record, the case stands as though plaintiff had expressly consented that his profits should be put into this land, instead of being paid to him in cash. If that be so, and since, under the presumption of continuity, we must assume that the defendant still owns this land, the only power the court of equity has is to fasten a lien upon these lands for the $2,077.34 which it was found was the share of the plaintiff in the profits.

We are unable to agree with appellant that *Faulkner v. Des Moines Drug Co.*, 117 Iowa 120, or *Furst v. Tweed*, 93 Iowa 300, compel us to hold that the contract relied upon by plaintiff is void for uncertainty. Aside from the modification hereinafter ordered, we approve of the decree.

The cause is remanded, to ascertain whether the title remains in the defendant. If it does, the said sum will be impressed upon it as a lien. If defendant has parted with the title, then, unless it be made to appear that the proceeds of the land have been invested in something else, with the consent of the plaintiff, the judgment and decree below will stand affirmed. If the title remains with the defendant, the

modification of substituting a lien on the land for said money judgment will be made.—*Modified and affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.