GOODENOW v. BARNES ET AL.

**Contract:** OFFER TO SELL. The acceptance of an offer to convey real estate must be plain and unambiguous to create a contract binding upon the party who makes the offer.

*Appeal from Clinton District Court*

TUESDAY, JUNE 15.

ACTION in chancery to compel the specific performance of a contract for the sale of lands by defendant to plaintiff. After

a trial upon the merits, plaintiff's petition was dismissed; he now appeals to this court.

*Ellis & Spence, J. S. Darling,* for appellant.

*C. M. Dunbar,* for appellee.

BECK, J.—Plaintiff had certain negotiations, verbally and by letter, with the agent of defendant, for the purchase of the land involved in this action, which were protracted through many weeks. One Marsh was requested by the agent to call upon plaintiff, and ascertain the precise terms proposed by him in a letter, which were not fully understood. The result of the interview Marsh communicated to the agent. Thereupon the following correspondence was had between the agent and defendant, the first of the letters being written by the agent, a brother of defendant, who, at the time, resided in Vermont.

" JESSUP, February 8th, 1872.

MR. GOODENOW—*Dear Sir:*—I have just received a letter from my brother in Vermont. You can have the place on the terms you proposed to Mr. Marsh.

Please on the receipt of this let me know, and I will send a deed to him for signature, and on its return will be at your place, and close it up. Don't fail in answering by return mail.        Yours Truly,

JAMES R. BARNES."

" BLOOMFIELD, February 18th, 1872

MR. BARNES—*Sir:*—I received yours of the 8th last night. I would say concerning the farm: Get the deed, come down, fix it up as soon as possible. Bring down the abstract of title, and we will fix the writing all satisfactory, and I will shape my business accordingly.        Yours in haste,

R. L. GOODENOW."

Plaintiff claims this correspondence constitutes an offer by defendant for the sale of the lands on the terms proposed to Marsh, and an acceptance by plaintiff. Prior to the receipt

of the plaintiff's letter, the agent sold the land to other parties, who are made defendants in the action.

The only question which it becomes necessary for us to determine is this: Was the letter of plaintiff a sufficient acceptance of the agent's offer contained in his communication?

1. An acceptance, in order to bind the parties, must be unequivocal and unambiguous. Fry on Specific Performance, Secs. 167, 169. The language of the acceptance should be such as would leave no avenue of escape for the party using it, from the obligation of a contract based upon the proposition and acceptance. The contract to be binding must be mutual; if the acceptor does not bind himself by the language of the acceptance, no contract will be created binding the other party.

<div style="margin-left:2em">CONTRACT: offer to sell.</div>

The language of plaintiff's letter is equivocal. He does not state that he accepts the proposition made by the agent, or use words that have any such meaning. He instructs the agent what to do, and then adds, " we will fix the writing all satisfactory." This expression conveys to the mind the idea that the terms to be embodied in the writing will be made as the parties will agree upon after the agent gets the deed and meets plaintiff. That it may well bear this meaning, cannot be questioned. It may be conceded that it will also bear the interpretation that the writing will be made to conform to the terms before agreed upon. The ambiguous and equivocal character of the letter is sufficiently apparent without further criticism of its language. Unless the acceptance was of the very terms offered, the other party will not be bound thereby. Fry on Specific Performance, § 167, et seq.; 2 Story's Eq. Juris., § 736 b, et seq. The letter, failing to be an unambiguous, unequivocal and direct acceptance of defendant's proposition, does not bind him.

II. Plaintiff entered into the possession of the land, and claims some benefit from this act. But it will avail him nothing, for it was after he had information that the land had been sold to other parties, and that defendant did not recognize the validity of the alleged contract under which plaintiff

claims. the land.   Whatever consent was given by the. agent to his entry upon the land was in view of the purchase in contemplation by him.   His failure to make a contract with defendant for the land terminated his license to enter thereon.

No other questions need be determined, as those above considered dispose of the case.

<div align="right">AFFIRMED.</div>