62 63
74 323

62 63
106 389

62 63
120 465

62 63
139 3155

JAMES M. LANE v. THE PERE MARQUETTE BOOM COMPANY.

*Assumpsit—To recover an alleged over-payment for driving logs—On final settlement made by woods scale, as provided in contract—In which log-owner claims a gross mistake—Discovered after logs were manufactured into lumber—Which was mostly shipped at time of bringing suit—Held competent to show alleged mistake by evidence of mill scale, it being the best attainable under the circumstances—Jury must be satisfied of gross mistake—If discrepancy is caused by difference in judgment of woods and mill scalers, on account of defects in logs or circumstances under which scales were made, woods scale must govern—Payments made under a gross mistake (of fact) can be recovered back—And under the circumstances of this case a common-count declaration is sufficient—Error not covered by assignments cannot be urged for first time in appellate Court.*

1. Plaintiff contracted in *writing* with the defendant to drive his logs, at an agreed price per thousand feet, to Ludington, the place of manufacture. Weekly statements were to be rendered by the owners of the mills where the logs were so manufactured, and the *final* settlement was to be made according to the *woods scale.* Plaintiff's scaler, at his request, rendered defendant a statement of such woods scale, upon the basis of which plaintiff paid defendant for driving the logs. After the logs were manufactured, and a large portion of the lumber shipped away, he brought suit to recover an over-payment, growing out of an alleged *gross* mistake in such woods scale, declaring on the common counts. On the trial he was permitted to make proof, under objection, of the amount of the mill scale, and recovered judgment.

   *Held,* that the evidence was competent, being the best attainable under the circumstances.[1]

2. It is a well-settled principle of law that payments made under a *gross* mistake (of fact) can be recovered back, if not returned on demand.

---

[1]See *Grice v. Noble,* 59 Mich. 515 (head-note 1); also, *Seligman v. Ten Eyck Estate,* 60 Mich. 268 (head-note 4, note 2).

3. In a case where a log-owner sought to recover from a boom company an over-payment, made by reason of an alleged gross mistake in the woods scale of the logs run, the court correctly instructed the jury that, to warrant such recovery, they must be satisfied that a *gross* mistake had been made in such woods scale; and that if the discrepancy between the quantity of logs as shown by the woods scale and the amount delivered as shown by the mill scale was caused by a difference in *judgment* of the different scalers, on account of *defects* in the logs, or the circumstances under which the scales were made, the woods scale must govern, it having been agreed upon by the parties as the basis of payment for running such logs.

4. In a suit brought by a log-owner to recover for an alleged over-payment for running his logs, growing out of a gross mistake in the woods scale made by his own scaler, a declaration on the common counts is sufficient, the action being for money had and received by the defendant, equitably belonging to the plaintiff.

5. A claim made for the first time by an appellant in this Court, and not falling within any of the errors assigned on the record, will not be noticed.

Error to Mason. (Judkins, J.)   Argued April 29, 1886. Decided June 24, 1886.

Assumpsit.   Defendant brings error.   Affirmed.   The facts are stated in the opinion and head-notes.

*Wing & Samuels*, for appellant :

Plaintiff was not entitled to recover on the common counts. The alleged deficiency in the quantity of logs delivered constituted a breach of the log-driving contract, which should have been specially counted upon : *Miller v. Watson*, 4 Wend. 267; *Clark v. Smith*, 14 Johns. 326 ; *Fuller v. Hubbard*, 6 Cowen, 13 ; *Carney v. O'Neil*, 27 Mich. 495 ; *Tioga Manufacturing Co. v. Stimson*, 48 Id. 213 ; Chitty on Pleading, 380–8 (top paging).

The admission and reception of plaintiff's declaration, relative to the scaler's report after it was made, was error (see page 69 of opinion) : *Vanneter v. Crossman*, 42 Mich. 468 ; Wharton on Ev. §§ 1100–1–2–4.

The declaration was incompetent and immaterial, not being a part of the *res gestœ ;* to become such it must have been made at the time of the act done which it was supposed to characterize, and have been well calculated to unfold the nature and quality of the facts it was intended to explain,

and to so harmonize with them as obviously to constitute one transaction: *Enos v. Tuttle*, 3 Conn. 250; *Lane v. Bryant*, 9 Gray, 245; *In re Taylor*, 9 Paige, 611; *Boyden v. Burke*, 14 How. 575; *Blood v. Rideout*, 13 Metc. 237; *Carter v. Buchannon*, 3 Kelly, 513; *Rockwell v. Taylor*, 41 Conn. 55.

Declarations must be contemporaneous with the act, but when explanatory of a previous fact they are inadmissible: *Farner v. Turner*, 1 Clarke (Iowa), 53; *State v. Shelledy*, 8 Id. 477; *Elkins v. Hamilton*, 20 Vt. 627; *Saveland v. Green*, 40 Wis. 431; *Scraggs v. State*, 8 Smedes & Marsh. 722; *Merrill v. Sawyer*, 8 Pick. 397; *Haynes v. Rutter*, 24 Id. 242; *Johnson v. Sherwin*, 3 Gray, 374; 1 Greenleaf on Ev. (13th ed.) § 108; *Gray v. Goodrich*, 7 Johns. 95; *Waldele v. N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 275; *Dawson v. Hall*, 2 Mich. 390; *Kehrig v. Peters*, 41 Id. 475; *Benner v. Feige*, 51 Id. 568; *Noyes v. Ward*, 19 Conn. 250.

The woods scale was the method agreed upon by which to ascertain the amount of logs driven, and was binding on the parties, and doubly so on plaintiff, who employed the scaler and controlled his actions exclusively (*Johnson v. Howard*, 20 Minn. 370), and must be held to assert his competency and that he acted honestly: *Ortman v. Green*, 26 Mich. 213; *Busch v. Kilborne*, 40 Id. 297.

The money was all paid voluntarily, except one payment under protest, which fact does not entitle plaintiff to recover it back, in the absence of fraud or duress: *McArthur v. Luce*, 43 Mich. 435; *Sheldon v. School Dist.*, 24 Conn. 88; *Preston v. Boston*, 12 Pick. 13; *Buckley v. Stewart*, 1 Day (Conn.), 133.

Threat of legal process is not such duress, for the party may plead and show that he is not liable: *Brown v. Mc-Kinally*, 1 Esp. Rep. 279.

*Wheeler, Bishop & Blodgett*, for plaintiff:

The plaintiff could show a gross and serious mistake in the woods scale: *Ortman v. Green*, 26 Mich. 209.

MORSE, J. The plaintiff, in the year 1882, was engaged in logging certain pine timber owned by him on the Little South Branch of the Pere Marquette river. In the spring he entered into a written contract with the Pere Marquette Boom Company, by which it agreed, for a certain price, 59 cents per thousand feet, to drive his logs to Ludington.

The contract provided, among other things, as follows:

" Payments to be made as fast as logs are ready for delivery, before delivery, or logs will be stored at owner's expense. Sworn weekly statements of the amount of logs sawed, of each and every mark, shall be rendered by each mill-owner, from a statement by sworn scaler, to the boom company on the Monday succeeding; the final settlement to be made on the woods scale."

The plaintiff employed a scaler in the woods, who scaled the logs cut and put afloat in the river there. In July, this scaler, at plaintiff's request, rendered to the boom company a written statement of the logs put in according to his measurement, or woods scale. The amount so ascertained and reported by him was 2,996,144 feet. Lane paid the company in full, upon the basis of this statement. It is admitted that he paid $267.99—the last payment made by him—under protest, claiming a mistake in the scale.

The plaintiff, in February, 1884, brought suit in assumpsit against the defendant, claiming that there was a gross mistake in the woods scale, and that the logs actually put in only amounted to about 2,000,000 feet, and demanding judgment for the amount of money overpaid to defendant by reason of such mistake.

The cause was tried before a jury in the Mason county circuit, and verdict and judgment rendered for the plaintiff in the sum of $497.78.

The defendant comes to this Court, assigning several errors in the proceedings in the court below. The principal controversy upon the trial seems to have been upon the right of the plaintiff to recover at all, and the settlement of this point will dispose also of most of the errors alleged to have occurred during such trial.

It is urged by the counsel for the defendant that the woods scale, under the written agreement, must govern, in spite of any mistake in the same. Acting upon this theory, upon the trial, objection was made to the proving, by the mill tally-sheets, and the scalers who made them, the actual amount of the logs as taken out of the boom of the

defendant; yet in the defendant's requests to charge, which were given, except the sixth, by the court as requested, the counsel recognized the well-settled principle of the law that payments made under a gross mistake can be recovered back, if not returned on demand, and only asked that the mistake should be proved by clear, positive, and satisfactory evidence.

But they insist that the mill tally is not competent evidence to prove the mistake; that the woods scale must control, and a mill tally is not a woods scale, and differs from it materially, for various reasons and in various respects not necessary to mention here; that a woods scale, where the logs are driven down a stream and into a boom, and there remain until sawed, will be from 10 to 15 per cent. greater than a mill tally.

We think the evidence was competent. A party is only required to furnish the best evidence in the power of the law and the facts to be obtained. The mistake was not discovered until the logs were sawed. Therefore no new woods scale could be made, and only the mill tally, or a measurement of the lumber, a large portion of which had been sold and shipped away, could determine the magnitude of the mistake and the amount of the discrepancy. There was no objection made to the reliability of the tally. It was in accord with the statements made by the mill-owners who did the sawing, to the boom company, and was substantially admitted to be correct as a mill tally.

The court, in his charge to the jury, clearly pointed out why the mill tally would be less than the woods scale, and properly directed them in what manner to ascertain the true scale in the woods, as near as it could possibly be determined under the circumstances. He told the jury that unless they were satisfied that a gross error—a *gross* mistake—had been made in the woods scale, the plaintiff could not recover; and that if the discrepancy between the quantity of logs, as shown by the woods scale and those delivered, was caused by the difference in judgment of the different scalers on account of defects in the quality of the logs, or the circum-

.stances under which the scale was made, then the plaintiff must be bound by the woods scale, and could not recover; that the woods scale must stand and control unless it was clearly and positively impeached by showing a gross mistake. Indeed, his charge was a most fair and impartial one; certainly as favorable, if not more so, than the defendant could reasonably ask under the law.

· · Defendant's sixth request asked the instruction that if, for a fraudulent purpose, the plaintiff caused the woods scale to be falsely reported, then the law would give him no relief against his own fraud and its consequences. This was properly refused, there being no evidence, as shown by the record, upon which to base it.

The plaintiff declared upon the common counts in assumpsit. It is argued that he cannot, under the facts as claimed by himself, recover on these counts; that the alleged deficiency in the amount of logs delivered constituted a breach of the driving contract, and the declaration should have been special, setting out the contract, averring the breach, and claiming the value of the discrepancy as so many logs not delivered.

There is nothing in this claim. The action, under the theory of the plaintiff, and the facts as shown, is based upon a mistake in plaintiff's own scale, and not upon any failure of defendant to fulfill its contract. It is for money had and received by the defendant, equitably belonging to the plaintiff.[1]

The defendant put the " woods scaler," one J. C. Whitman, upon the stand, to substantiate the correctness of his scale, and to show that he made the same, and a statement of it to the boom company, by plaintiff's orders. He was asked, upon cross-examination, if he ever made a report of the amount of logs to Mr. Lane. He answered that he did twice, at Muskegon; that he made these reports at Lane's request, who wanted to show them to two different parties to whom he was trying to sell the logs; that the reports

---

[1] See *Pierson v. Spaulding,* 61 Mich. 94, and note.

were the same as the one made to the boom company. He was then further asked if Lane did not say to him that he did not see how he could make a report, as he had not done all the scaling. He answered, "Not until after the report was made." He was then allowed to testify, against objection, that Lane said "he didn't see how I could make a report, or something of that kind."

This may be open to the objection, raised by the defendant's counsel, that it was giving in evidence the statement of the plaintiff in his own behalf when it formed no part of the *res gestæ,* but I fail to see how it could have injured the defendant. The scaler admitted he did not scale all the logs himself, and it was also admitted that Lane made at least one payment to the company under protest, claiming a mistake in the scale. All this item of testimony amounted to was a declaration by the plaintiff asserting these two undisputed facts. Its admission was therefore error without prejudice.

It is also claimed, from the facts disclosed upon the trial, that the plaintiff, when he made some of the payments, knew a mistake had been made in the scale, and yet voluntarily paid the whole amount without demur, except the one payment of $267.99, which was paid under protest, as heretofore noted; and it is contended that no part of the payments voluntarily made, with such knowledge of the mistake, can be recovered, although it was paid under protest and without a sufficient consideration, and we are referred, among other authorities, to *McArthur v. Luce,* 43 Mich. 435.

We do not think the facts in this case bring it within the doctrine there stated, as the payments here were made without full knowledge of the facts or full investigation, and, as it is claimed, under duress of property.

This claim, however, was not made upon the trial, nor does it come within any of the errors assigned in the record; and this, perhaps, explains the paucity of the record as to the knowledge of Lane when he made the payments. The record is meager, and does not purport to contain all the

testimony. We cannot, therefore, notice the point, it being raised for the first time in this Court.

The judgment is affirmed, with costs.

The other Justices concurred.