BROUGHTON v. JONES.

1. CORPORATIONS—CHATTEL MORTGAGES—AUTHORITY TO EXECUTE —SPECIAL MEETING OF DIRECTORS.

A chattel mortgage covering all the property of a corporation, executed under authority given at a special meeting at which only two of the four directors were present, the remaining two not having been notified of the meeting, is invalid.

2. SAME—ASSENT OF STOCKHOLDERS.

A chattel mortgage executed by directors of a corporation without proper authority will not be treated as the act of the stockholders, where it does not appear that the stockholders held any meeting for the purpose of giving the mortgage, or that all of them assented to it.

3. APPEAL—REVIEW—QUESTIONS NOT RAISED BELOW.

A point raised for the first time on appeal will not be considered.

Error to Wayne; Frazer, J.   Submitted April 4, 1899. Decided June 28, 1899.

Replevin by Frederick Broughton against Henry K. Jones.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Affirmed.

*John H. Powell,* for appellant.

*Lewis H. Paddock,* for appellee.

MOORE, J.   The defendant, Henry K. Jones, obtained a judgment against the Detroit Mill-Supply Company, and levied upon certain personal property which he claimed belonged to it.   The plaintiff claimed to be entitled to the possession of said property by virtue of a chattel mortgage for $1,300 given to him by said Detroit Mill-Supply Company, and replevied the property levied upon.   After all the proofs were in, the circuit judge directed a verdict in favor of defendant, for the reason that no authority had been shown for the giving of the mortgage.   The plaintiff brings the case here by writ of error.

It is his claim that early in 1896 he loaned Mr. Taylor $700 to enable him to engage in business; that afterwards Taylor and one Major E. Jones formed a partnership, under the name of the "Universal Engineer & Mill-Supply Company," into which partnership the business of Taylor was merged, the new company assuming the debt of Taylor to Broughton, giving the latter notes therefor. In June, 1896, a corporation was formed called the "Detroit Mill-Supply Company," and it is the plaintiff's claim that this corporation took over the business of the Universal Engineer & Mill-Supply Company, and assumed the debt due plaintiff.   He also claims that in October, 1896, he loaned the new corporation $400, and that said corporation also owed S. Smith $200, which debt was assigned to him, and that on December 3, 1896, the corporation was authorized to give him a mortgage for these debts, and that on December 5th such a mortgage was given.

It was filed on the 12th of December, and soon thereafter Mr. Broughton took possession of the property by virtue of his mortgage, and was in possession when defendant levied upon the goods.   It is the claim of defendant that the debt of $700 was the debt of Taylor, and not of the Detroit Mill-Supply Company; that the $400 was not borrowed of Broughton, but was borrowed of one Kretzschmar, and the note of the corporation was given for it. No proof on the trial was given as to the debt of $200 to Mr. Smith.   It is also the claim of defendant that, while the mortgage is dated December 5th, it was not given until the 11th, and after one of the creditors of the company had attached some of the goods of the company, and was given without authority, and for the purpose of defrauding the creditors.

A number of errors are assigned, but, if the circuit judge was right in holding the mortgage was given without authority, that will end the discussion.   The property covered by the mortgage was practically all the property of the corporation.   To take possession of the property described in the mortgage was to take possession of all the property of the corporation, and practically ended the business.   There does not seem to be any written record of the election of directors, but we think it is clearly established there were four directors, who undertook to and did manage the affairs of the company.   Such authority as was given to execute the mortgage was given at a special meeting of the directors, at which meeting but two directors were present.   There is nothing to show that the other directors were ever notified that such a meeting was to be held or that such action was to be taken.   While the management of corporations is usually left to their directors, no court, so far as we know, has ever held that one-half of the directors of a corporation, without the knowledge of the others, can dispose of all the property of the corporation by action at a special meeting, notice of which is not given to all the directors.   The case comes within *Covert* v. *Rogers*, 38 Mich. 363 (31 Am. Rep. 319); *Doyle* v. *Mizner*, 42 Mich. 332.

Plaintiff urges that, though the directors were not properly authorized to make this mortgage, it may be treated as the act of the stockholders; citing *Eureka Iron & Steel Works* v. *Bresnahan*, 60 Mich. 332; *Preston Nat. Bank* v. *George T. Smith Middlings Purifier Co.*, 84 Mich. 364. The trouble with this contention is there is no evidence to show that there was a meeting of the stockholders held for the purpose of giving this mortgage, or that all of them ever assented to the giving of it.

It is now urged that, as the record shows that upon the same day the mortgage was filed a bill of sale was given to John H. Jones as trustee for all the creditors, one creditor could have no rights over the others. This claim was not made in the court below, but, on the contrary, Mr. Broughton claimed to be in possession of the goods under his chattel mortgage. It has been so often held that we will not consider a point raised here for the first time, it is not necessary to do more than cite some of the authorities. *Waterman* v. *Waterman*, 34 Mich. 490; *Hogelskamp* v. *Weeks*, 37 Mich. 422; *Maxwell* v. *Bridge Co.*, 41 Mich. 453; *Chatterton* v. *Parrott*, 46 Mich. 432; *Winchester* v. *King*, 48 Mich. 280; *O'Neil* v. *City of Detroit*, 50 Mich. 133; *Lane* v. *Boom Co.*, 62 Mich. 63.

We do not deem the other assignments of error of sufficient importance to discuss them.

Judgment is affirmed.

The other Justices concurred.