James A. Coad, Appellant, v. U. C. Rogers.

Offer to Sell: ACCEPTANCE: *Contracts.* Plaintiff wrote to defendant, offering to sell to him a stock of drugs, and received in reply the following letter: "Your letter received this a. m. will be there Wednesday or Friday. If not, I will write you, stating when I can. Would like to have possession on November 1st. You can make invoice of the goods as you sell them, and then I could get in the April term of court for a permit." *Held*, that the letter did not constitute a binding acceptance.

*Appeal from Cherokee District Court.*—HON. J. F. OLIVER,
Judge.

FRIDAY, JANUARY 31, 1902.

THE petition alleges that the parties entered into a
written contract, through the correspondence which follows,
for the sale of a stock of drugs at Washta:

"Washta, Iowa, October 25th, 1898. Mr. J. A. Coad,
Hull, Iowa—Dear Sir: I have been thinking the matter
over since you left. Well, when you was here last winter
there was $1,500.00 against the stock, but now there is only
$1,000.00 against it now. If you arrange so I could get
$2,000.00 in cash, I will take the $3,000.00 for the stock,
and guaranty it will invoice $4,500.00. I think you could
arrange with the bank for $1,500.00, the same as I did,
and make monthly payments. It's quite a cut, but there is
a drug store for sale in my old home, and I can get it reason-
able, as the druggist died not long ago, and my folks are
anxious to have me come and run the store. I have just
made arrangements with Dr. Ballah to fill all of his pre-
scriptions. He has a good practice. Yours truly, U. C.
Rogers."

"Hull, Iowa, October 29th. U. C. Rogers. Washta,
Iowa—Dear Sir: Your letter received this a. m. Will
be there on Wednesday or Friday. If not, will write you,
stating time when can. Would like to have possession on
November 1st. You can make invoice of goods as you sell
them, and then I could get in the April term of court for a
permit. Sincerely yours, James A. Coad."

The defendant refused to complete the transaction,
because of which plaintiff suffered damages. The demur-
rer of defendant, in effect, that these letters did not con-
stitute a contract, was sustained; and, as plaintiff elected
to stand on the ruling, the petition was dismissed, and he
appeals.—*Affirmed.*

*J. D. F. Smith* for appellant.

*E. C. Herrick* for appellee.

Ladd, C. J.—A direct acceptance is not contained in the letter of Coad, and is not necessarily to be implied therefrom. Apparently any committal on his part was studiously avoided. It was precisely such a communication as would be made in order to retain the opportunity without deciding to accept. Analyzed, his letter no more than (1) acknowledges the receipt of Roger's letter; (2) mentions dates when he may be in Washta; (3) expresses a wish to have possession November 1st; and (4) suggests an arrangement by which he might obtain a permit—presumably to sell intoxicating liquors—in six months thereafter. There is undoubtedly an intimation running through the letter of the probability of purchasing, but nothing binding on the writer. "The language of the acceptance should be such as would leave no avenue of escape for the party using it; for the obligation of a contract, to be binding, must be mutual. If the acceptor does not bind himself by the language of the acceptance, no contract will be created binding the other party." *Goodenow v. Barns,* 40 Iowa, 561.— Affirmed.