GADD v. CITY OF DETROIT.

142  683
147  287
142  683
153  526

1. MUNICIPAL CORPORATIONS — DETROIT CHARTER — EMPLOYÉS — CONTRACT.

Under the charter of Detroit, Act No. 415, Local Acts 1901, § 6, it is not required of the commissioner of public works that before he employs a person to fill a position in his department which has been created by the council, he shall submit the contract of hiring to the council and obtain its approval; section 8 of such act not being applicable.

2. SAME—EMPLOYÉS—SALARY—OVERTIME.

Where a city has by ordinance provided for an eight-hour day and for a minimum wage, it is bound by the contract of its commissioner of public works to pay extra for all time over eight hours per day put in by one of his employés.

3. APPEAL AND ERROR—RECORD—QUESTIONS REVIEWABLE.

Where the certificate accompanying the bill of exceptions shows that it does not purport to contain substantially all the testimony taken in the case, a question not raised below, and as to which the available testimony may not have been offered, or, if offered, not included in the bill of exceptions, will not be considered.

Error to Wayne; Donovan, J. Submitted July 21, 1905. (Docket No. 68.) Decided January 24, 1906.

Assumpsit by Charles A. Gadd against the city of Detroit for work and labor. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

P. J. M. Hally (T. E. Tarsney, of counsel), for appellant.

John J. Speed (Navin & Sheahan, of counsel), for appellee.

MOORE, J. The plaintiff sued the defendant to recover for overtime work. By direction of the circuit judge the

jury returned a verdict in his favor.   The case is brought here by writ of error.

The plaintiff commenced work July 11, 1901, and worked until July 8, 1903.   At this time an ordinance existed in the city of Detroit reading:

"That hereafter eight hours shall constitute a day's work for all laborers, workmen, and mechanics, who may be employed by or on behalf of the city of Detroit, or any of its authorized boards or officers, or may be employed by contractors or subcontractors, in work done or executed under contracts with the said city of Detroit or its various authorized boards or officers."

There was another ordinance providing that the minimum wage of a laborer or workman employed by any board or commission for the city should be not less than $1.50 a day.   Act No. 415, Local Acts 1901, § 6, provides that the commissioner of public works may appoint such employés of the department as the common council shall create.   The plaintiff was employed as watchman by the department of public works.   He went to work at 5 o'clock in the afternoon and continued to work until 7 o'clock or later the next morning.   He testified that after he worked a day or two he protested to the commissioner of public works against the length of the days he was required to work, and that he was promised by the commissioner that he should be paid for all time more than eight hours, and that, relying upon this promise, he continued to work overtime.   He was paid from week to week for his work, but was not paid for the overtime.   It is his claim that he called the attention of the commissioner to this fact, and protested to the paymaster and asked why his overtime was not turned in, and that he was promised by the commissioner he should be paid for his overtime.   When he sent in his resignation, he also sent a claim to the common council for this overtime.   It was allowed by a vote of 20 to 12.   Its allowance was vetoed by the mayor, and it failed to pass over his veto.

Afterwards this suit was commenced.   No witnesses

were sworn on the part of the defendant. Section 8 of an act approved May 4, 1901 (Act No. 415, Local Acts 1901), provides:

"The commissioner of public works shall have no power to enter into any contract for or on behalf of the city of Detroit without the consent or approval of the common council."

The city claims that because of this provision the city is not bound by this agreement made between the plaintiff and commissioner. We think the limitation sought to be made upon the powers of the commissioner is too narrow. The city had provided by ordinance for an eight-hour day. It had provided a minimum wage. The charter provided the commissioner might hire such employés in his department as the council had decided should be employed. It was not intended by the provision quoted that before a particular person could be employed as the night watchman after the position of night watchman had been created the contract for hiring must be submitted to the council and have its consent or approval. The case is within *O'Boyle* v. *City of Detroit*, 131 Mich. 15.

After writing the foregoing, it was suggested the plaintiff is not a laborer within the ordinance, and counsel were asked to discuss that question. Counsel for plaintiff say the question ought not to be discussed for the reason it was not raised in the court below; citing *Broughton* v. *Jones*, 120 Mich. 462, and many other cases. General assent is given to this proposition, but it is said to be a sufficient reply to say the point is not raised by counsel, but is raised by the court, and is covered by the statute. Section 193, 1 Comp. Laws. I cannot agree with this conclusion as applied to this case. From the brief record it appears it was the duty of the plaintiff, among other things, to close up the yard where the property in charge of the board of public works was situated, and that he had the care of the property, and "everything for repairs, the apparatus and tools, and all sorts of things." The certificate signed by the judge, accompanying the bill of

exceptions, shows it does not purport to contain substantially all the testimony taken in the case. The circuit judge certified:

"The testimony bearing upon the questions raised is included in the foregoing bill of exceptions."

I do not see how it can be said that all the duties performed by the plaintiff are stated in the record. It does appear, however, that he had charge during the nighttime of the yard in which the property in charge of the board of public works was contained, and of "its apparatus and tools, and all sorts of things." The question of whether plaintiff was a laborer or not was not raised upon the trial. The testimony was not put in with that point in view. The only safe rule to apply to such a case is to dispose of it only upon the questions presented in the court below, as to which the evidence appears to be substantially returned.

In view of what I have said, I think we ought not to enter upon the discussion of whether the plaintiff was a laborer, and the judgment should be affirmed.

McALVAY, GRANT, BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.