ATTORNEY GENERAL, *ex rel.* HUDSON, *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS — POWERS — ORDINANCES — DETROIT
 CHARTER—CONTRACTS—HOURS OF LABOR.
> Under section 241 of the charter of Detroit (Compilation of
> 1904), requiring all contracts involving an expenditure of
> more than $200 to be let to the lowest responsible bidder, the
> common council has, in the absence of express delegation of
> power by the legislature, no authority to limit by ordinance
> the hours of labor of employés of city contractors or subcon-
> tractors where the effect is to increase the bids for city con-
> tract work.[1]

Appeal from Wayne; Mandell, Hosmer, Murphy,
Rohnert, and Donovan, JJ. Submitted June 15, 1908.
(Docket No. 101.) Decided July 1, 1908.

Bill by John E. Bird, attorney general, on the relation
of Joseph L. Hudson and others, against the city of De-
troit to restrain the enforcement of an ordinance. From
a decree for complainant, defendant appeals. Affirmed.

*Sherman D. Callender*, for complainant.

*Timothy E. Tarsney*, for defendant.

MONTGOMERY, J. This is a bill filed by the attorney
general, on relation of certain taxpayers of the city of
Detroit, praying an injunction to restrain the enforce-
ment of an ordinance of that city, the first section of
which reads as follows:

"SECTION 1. That hereafter eight hours shall consti-
tute a day's work for all laborers, workmen, mechanics,
steam engineers and engineers' assistants, who may be
employed by or in behalf of the city of Detroit, or any of
its authorized boards or officers, or who may be employed
by contractors or subcontractors in work done or executed

---

[1] As to validity of limitation of hours of labor on public work, see
note to *Keefe* v. *People* (Colo.), 8 L. R. A. (N. S.) 131.

under contracts with the said city of Detroit, or its various authorized boards or officers."

It appears by the bill that two contracts were entered into by the city, one for the job printing for the year ending June 30, 1908, and the other for book binding for the same period.   The city first advertised and received bids for the work with no reference to the ordinance in question.   Under the first advertisement, the Houghton-Jacobson Printing Co. bid 46 per cent. off schedule price. Under the second advertisement, the bid was 25 per cent. off the schedule price for the same work.   This latter bid was accepted by the city, although it made an increase in cost to the city for the job printing for the fiscal year of upwards of $3,000 over what the same company had offered to do the same work for under the first advertisement.   As to the book binding, a similar discrepancy between the bids of those not agreeing to be bound by the terms of this ordinance and those who did is shown, the difference in the contract upon the different bases being $5,000.

Upon the hearing, the circuit court determined the case in favor of the complainant and enjoined the enforcement of the ordinance.   The city appeals.

The solicitor for the city frankly states that he does not think the question involved comes within the rule which involves the exercise of the police power, for the reason that no element of safety or health is involved in the employment.   The question may therefore be determined on narrow grounds.   We are not called upon to disaffirm the power of the State to limit the number of hours of labor to be permitted by those engaged in public work, as to which question see *Atkin* v. *Kansas,* 191 U. S. 207. Nor are we called upon to determine whether the city may by ordinance prescribe the course of its own officers in employing laborers for the city, as to which see *Gadd* v. *City of Detroit,* 142 Mich. 683.

But the question is whether the State has delegated to

the city the authority to fix the number of hours which a contractor for public work may require of his workmen, or whether, on the other hand, such a provision is inconsistent with the free competition which the charter of the city contemplates and requires among bidders for such work.

Section 241 of the city charter (compilation of 1904) provides as follows:

"No contract for the purchase of any real estate, or for the construction of any public building  *  *  *  or for any work to be done, or for purchasing or furnishing any material, printing or supplies for said corporation, if the purchase of said real estate, or the expense of such construction, repairs, work, printing, materials, or supplies shall exceed $200, shall be let or entered into except to and with the lowest responsible bidder with adequate security."

We agree entirely with the view expressed by the circuit judges that power has not been given to the common council to pass an ordinance like that in question so far as it relates to contract work, and that, in the absence of a grant of such power, the council has no authority to pass the ordinance in so far as it relates to contract work.   In our view, such an ordinance is inconsistent with section 241 of the charter, which requires the letting of the contract to the lowest responsible bidder.

The decree is affirmed, with costs.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.