BOLING & MONROE REALTY COMPANY, Appellee, v. GUSTAV G. ANDERS, Appellant.

**BROKERS:** Commission—Offer and Equivocal Acceptance. An offer to a broker of a commission for an *"immediate cash sale"* on stated terms, followed by an acceptance which is qualified or equivocal in any degree, creates no contract.

*Appeal from Fayette District Court.*—H. E. TAYLOR, Judge.

JANUARY 17, 1922.

ACTION for recovery of commission for sale of real estate. Trial to the court. Judgment was rendered in favor of plaintiffs for $800, from which defendant appeals. Plaintiffs claim a contract for sale of defendant's land, 240 acres, situated in Fayette County, Iowa, and that, in pursuance of such contract, they bargained and sold the land on June 27, 1919, to Dan E. Terry and James Bloom, at a price of $32,400, $135 per acre.— *Reversed.*

*James J. Kelly* and *H. P. Hancock*, for appellant.

*E. R. O'Brien*, for appellee.

ARTHUR, J.—If there was a contract between the parties, as claimed by appellee, it must be found in the two letters following:

"Chicago, 7415 Euclid Avenue,
"June 26, 1919.

"Boling & Monroe Realty Co.,
"Fairbank, Iowa.
"Mr. Boling:
"I have been in hopes of hearing from you, that you had the farm under contract. I have got to have money and at once and will have to sacrifice the farm. I will reduce my price to $135 per acre including $800 for your commission. This is a

cash price and means all the cash at once. This is your chance to get rid of the farm but you will have to do it in a hurry; because if I have to raise the money otherwise I will have to. take this last proposition back. Do something at once and keep me informed of your progress.

"[Signed]   G. G. Anders."

"June 27, 1919.

"Mr. G. G. Anders,

"Chicago, Ill.

"Your letter stating that we shall take $135 per acre with $800 commission to us for the sale at that price is received and we thank you. The farm will be sold in a few days. We have two men on the string right now and have no doubt the deal will be closed very soon. In fact you may as well consider it sold, so do nothing until you hear from us again.

"[Signed]   Boling & Monroe Realty Co.

"By John L. Boling."

Plaintiffs pleaded and testified to proper posting of their letter above quoted.

Defendant denied receiving plaintiffs' letter of June 27th, and on June 28th defendant wrote to plaintiffs, and the letter was received by plaintiffs. The letter is as follows:

"June 28, 1919.

"Mr. Boling:

"I have a party who is willing to take the farm at Oran, Iowa. Don't do anything in regard to a sale, till you hear from me.

"[Signed]   G. G. Anders."

Assuming that defendant received plaintiffs' letter of June 27th, was it such an unconditional acceptance of the terms of defendant's letter of June 26th as to constitute a contract for the sale of the 240 acres of land owned by defendant, and to make defendant liable in this action? Defendant, in his letter, exacted immediate sale, as he needed money "at once." As a stimulant to an immediate sale, he reduced the price per acre,

and offered $800 commission. Defendant made it clear that he "must sacrifice the farm," therefore it must be a "cash price;" otherwise he would have to take the proposition back. Plaintiffs' letter does not say that they have a buyer who will accept the terms stated in defendant's letter. Plaintiffs say that they "have two men on the string and have no doubt the deal will close very soon. You may consider it sold but do nothing until you hear from us again." The latter part of the last sentence would seem to neutralize the prior expression, "consider it sold." Plaintiffs' letter, read as a whole, is not an acceptance for any buyer of Anders's terms, but leaves the deal to future negotiation, as held in the case of *Coad v. Rogers,* 115 Iowa 478.

There was no acceptance by plaintiffs unconditionally of the terms. Plaintiffs wanted time, and say that they have two men "on the string." But defendant stated to plaintiffs that he must have "all cash at once." For payment on the contract made with Terry and Bloom by plaintiffs, Terry and Bloom each gave to plaintiffs their individual checks for $3,500. There was a mortgage resting on the land, in the amount of $23,000. The greatest amount claimed to have been paid by Terry and Bloom was about $7,000. The difference between the purchase price and the mortgage was $9,400, which must be construed to mean, we think, that they were negotiating with two prospective purchasers who might buy in the future. Nothing in defendant's letter gave the right to assume the deduction of the $23,000 mortgage. Nothing in defendant's letter gave the right to assume that the payments on the contract must be made at Fairbank, Iowa, as they were to be made by the terms of the contract made by plaintiffs with Terry and Bloom, when defendant lived in Chicago. *Pollak v. Roberts,* (N. D.) 176 N. W. 957.

Plaintiffs' letter does not show that the minds of the parties met upon the terms of sale, and that nothing was left to be settled by future negotiations, as must be the situation, to be binding on both parties. *Foshier v. Fetzer,* 154 Iowa 147; *Coad v. Rogers,* 115 Iowa 478. In the latter case, we said, quoting from *Goodenow v. Barns,* 40 Iowa 561:

"The language of the acceptance should be such as would leave no avenue of escape for the party using it; for the obligation of a contract, to be binding, must be mutual."

See, also, *Batie v. Allison,* 77 Iowa 313.

The trial court erred, as assigned by defendant, in finding that the letter of plaintiffs of June 27th constituted a legal acceptance of the proposition for sale contained in defendant's letter to them of June 26th. Plaintiffs' letter contained reservations and conditions not included in the offer of sale. And, too, the evidence did not establish that plaintiffs furnished a purchaser who was ready, willing, and able to buy upon the terms contained in Anders's letter of June 26th.

Since we hold that there was no contract of sale, other errors assigned need not be discussed. Accordingly, the judgment of the trial court is reversed.—*Reversed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.