SARGENT & COMPANY, Appellant, v. THEO HEGGEN et al.,
Appellees.·

SALES: Offer to Sell and Acceptance. A naked offer to sell personal
1   property—one without any consideration—is withdrawable at any
time prior to acceptance.

CORPORATIONS: Meetings—Calling and Notice. Principle reaf-
2   firmed that a corporation can act only through its board of direc-
tors at a regularly called meeting, and that notice of a special
meeting must be given to all directors.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 21, 1922.

ACTION at law to recover money due· under an alleged buyer's option on certain corporation stock. Upon the conclusion of the testimony the trial court directed a verdict in favor of the defendants. Plaintiff appeals.—*Affirmed.*

*H. S. Thomas,* for appellant.

*Lehmann, Seevers & Hurlburt,* for appellees.

DE GRAFF, J.—This appeal has to do with the correctness of the ruling of the trial court in sustaining the motion of defendants for a directed verdict, and involves the distinction between an option and an offer. Plaintiff's cause of action is predicated on an option for the purchase of corporation stock; the evidence discloses a mere offer to sell the stock. To understand the point stressed by the appellant it becomes necessary to summarize the primary facts.

1. SALES: offer to sell and acceptance.

Plaintiff is an Iowa corporation with an authorized capital stock of $100,000 of which $25,000 is common and $75,000 preferred. The directors are the holders of the common stock and have voting power in proportion to the amounts respectively owned by them. The common stock has been fully issued and was originally owned by the following persons: Heggen brothers, $5,000, the three Sargent brothers $10,000 and O. J. Meredith $10,000. There had also been issued $21,000 of the preferred stock of which the Heggen brothers owned $5,000. O. J. Meredith was president, W. I. Sargent vice-president, Theo Heggen secretary, and A. E. Sargent treasurer of the plaintiff corporation. The other Sargent held no official position.

It appears that some friction existed between the Sargents and the Heggens, and there had been some discussion as to which one should buy the other out. In April 1920 Theo Heggen stated that the defendants would take $75 per share for their stock. A check for $50 was tendered at the time by W. I. Sargent but it was refused with the answer that they could have the option for nothing.

It is claimed by A. E. Sargent that this offer was good until July 1st, 1920. The Heggens and Meredith testified that the offer was given for one week only. Later W. I. Sargent and Meredith had a conversation with one R. C. Park who was willing to purchase $15,000 worth of stock in the plaintiff company and later did buy the Heggen stock and $5,000 worth of preferred stock belonging to Meredith. No contract of any kind either oral or written was ever made between the plaintiff company and Heggen brothers. There was a written contract, however, for the sale of $10,000 worth of preferred stock and

$5,000 worth of common stock to Park for $15,000, signed by the plaintiff Sargent & Company by Meredith president, and Heggen, secretary, and by Park the purchaser.

Meredith testified that this contract was made by the company as agent for the delivery of the stock to Park. The Heggens assigned their stock to Park and the certificates were surrendered and canceled and new stock was issued. Meredith transferred his stock in the same manner. None of the stock was ever transferred to Sargent & Company. In consummating this transaction Park gave Theo Heggen a draft indorsed in blank for $14,696.10 and $3.90 in cash. ·Plaintiff gave its check for the balance of $300 to Heggen and charged the same to Park on the books of plaintiff which was later paid to the plaintiff by Park. This transaction took place June 30, 1920. Theo Heggen remained in the office as secretary until July 15 and drew his salary to that date without complaint on the part of the other stockholders. About eight months later the Heggens purchased an additional $2,500 worth of preferred stock and entered into a contract to trade and did trade same to Sargent & Company for real estate owned by the company. No claim was made by the Sargents or the plaintiff at this time that the Heggens owed the company $2,500 or any other sum.

Plaintiff now claims that it is entitled to recover from the Heggens 25 per cent on the par value of the $10,000 worth of stock owned and sold by the Heggens to Park on the theory that W. I. Sargent and A. E. Sargent had an option to purchase the Heggen stock at $75 per share which option had been orally assigned to the plaintiff company.

It is elementary that a corporation can act only through its board of directors at a regularly called meeting and that notice of a special meeting must be given to all directors. There was a meeting informal in character in the office of W. I. Sargent and it is contended that the Sargents at this time and place orally transferred their option to the plaintiff company. Neither of the Heggens were present at this meeting which was held in an office in no wise connected with the plaintiff corporation, and concerning which meeting no notice was ever given and no

2. CORPORATIONS: meetings: calling and notice.

minutes were preserved. President Meredith testified "there was no such meeting" and Secretary Heggen that he knew nothing of the meeting.

Furthermore the Heggens were never notified that either the Sargents or the corporation would exercise any option on said stock or that the offer as originally made was accepted by anyone. Clearly under the record the so-called option was without consideration and consequently could be withdrawn at any time. To bind the offeror there must be an acceptance by the offeree or by someone lawfully authorized to represent him. There is no competent evidence that either of the Sargents had any authority to represent the plaintiff in this transaction, or that either of them claimed to represent the plaintiff herein. The offer was made to the Sargent brothers personally, and no option was ever given to the plaintiff company.

The business of a corporation when transacted by a board of directors requires the assent of a majority of the directors. The determination of a matter by the members individually is not the act of the board. The meeting disclosed by the instant record was a special meeting, if anything, without notice, and the assent given was merely the assent of several members separately. Under well settled rules the directors present at such a meeting could not perform a valid corporate act. *Curtin v. Salmon River H. G. & D. Co.* 130 Cal. 345 (62 Pac. 552) ; *Herrington v. District Township,* 47 Iowa 11; *Singer v. Salt Lake Copper Mfg. Co.* 17 Utah 143 (53 Pac. 1024) ; *Broughton v. Jones,* 120 Mich. 462 (79 N. W. 691).

The decisive point in this case, however, is in the fact that the record fails to disclose a consideration for the alleged option. No consideration is pleaded or proven, and this distinguishes an option from a continuing offer as understood in the law of contracts. An option is a continuing offer which the offeror may not withdraw until the expiration of the time fixed for the reason that the promise is based on a consideration. *Myers v. Stone & Son,* 128 Iowa 10.

Furthermore a mere offer is not assignable. It terminates at the pleasure of the offeror who is under no obligation to make it or to keep it open. A mere offer does not rise to the

dignity of a chose in action.  It creates no right in property.
It cannot be sold upon execution.  Even an option to purchase
real estate does not pass an interest to which the lien of a judg-
ment will attach.  *Vigars v. Hewins,* 184 Iowa 683.

Under the record the Sargent brothers had no assignable
interest in the stock, and even conceding they had, the plaintiff
company never acquired that interest by legal corporate action.
There was no mutuality between the defendants and the plain-
tiff corporation, and the defendants held no enforcible obliga-
tion against the plaintiff at any time.  *Breen v. Mayne,* 141
Iowa 399; *Goodenow v. Barnes,* 40 Iowa 561.

The written contract for the sale of the stock was not en-
tered into between the parties to this action, and the purchaser
Park understood that he was buying from the Heggen brothers.
All of the evidence tends to prove that it was the Heggen stock
that was being sold, not by the company but by the owners.
The consideration was turned over to the Heggens.  The stock
was transferred directly to the purchaser.  $5,000 worth of said
stock was owned by Meredith and sold in the same deal by him.
He disclaimed any option or any knowledge of the claim of
plaintiff.

The proof is quite conclusive that the transaction was a
direct sale from the Heggens to Park and the trial court cor-
rectly ruled the motion of defendants for a directed verdict.
Wherefore the judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.