BAKER vs. HOLT.

*November 1 — November 21, 1882.*

SALE OF LANDS: *(1) Conditional acceptance of offer.    (2) Time within which offer must be accepted.*

1. A., in Connecticut, wrote to B., in Wisconsin, offering to sell land for a certain sum, payable at specified times, nothing being said about the place of payment or delivery of the deed.   B. replied by letter that he would take the land upon the terms mentioned in A.'s letter, adding "you may make out the deed leaving the name of the grantee in blank, and forward the same to [X., in Wisconsin] or to your agent if you have one here, to be delivered to me on payment," etc.   Three days later B. telegraphed to A.: " Have written you, will take land at your figures.  Answer."  After the telegram was sent and before either the letter or telegram from B. reached him, A. wrote again withdrawing his offer.  *Held:*

    (1) The letter of B. was an acceptance of the offer *upon condition* that the deed be forwarded, executed in blank as to the grantee, and that payment be received in Wisconsin.   *N. W. Iron Co. v. Mead,* 21 Wis., 474.  *Matteson v. Scofield,* 27 Wis., 671, distinguished.

    (2) The telegram refers to the letter as containing the acceptance, and is not in itself an unconditional acceptance.

    (3) There having been no unqualified acceptance of the offer, it might be withdrawn.

2. In a letter offering to sell land it was said: "This is my offer, if you want it now.  I would not agree to keep the offer good a great while." Whether a letter of acceptance, mailed nine or ten days after the receipt of the offer, was in time, *quære.*

APPEAL from the Circuit Court for *Wood* County.

The case is stated in the opinion.

For the appellant there was a brief by *Geo. L. Williams,* his attorney, and *P. L. Spooner,* of counsel, and oral argument by *Mr. Spooner.*

The cause was submitted for the respondent on the brief of *L. P. Powers.*

TAYLOR, J.   This action is brought to compel the specific performance of a contract for the sale of real estate which

the plaintiff claimed he had purchased from the defendant. The plaintiff resided at Centralia, in this state, and the defendant at Hartford, Connecticut. The contract, if any, was made by correspondence through the mail. The following are copies of the letters and telegram which plaintiff claims made the contract of sale:

"HARTFORD, CONN., October 24, 1881.

" *C. O. Baker.*—DEAR SIR:— Your letter came to hand a few days ago, but I have delayed answering it owing to my being sick. In regard to my land, I have had letters from one or two other parties within a month wanting to buy it. I have told them I was not ready to sell yet, but if you want to buy now I will tell you just what I will do: I will sell the whole 120 acres for $800; one fourth cash down, and the balance in three equal notes, payable in one, two, and three years, with interest at six per cent. The notes to be secured by mortgage back on the land. This is my offer, if you want it now. I would not agree to keep the offer good a great while. I remain very truly yours,

" THOMAS R. HOLT, 29 Benton Street, Hartford, Conn."

" CENTRALIA, WIS., November 7, 1881.

" *Thomas R. Holt, Esq., Hartford, Conn.* —DEAR SIR:— Yours of October 24th is at hand and contents noted. I will take your land at the figures named and upon the terms mentioned in your letter — $800 for the 120 acres; $200 on receipt of deed and $600 in three annual payments of $200 each, with interest at six per cent.; security back on the land. You may make out the deed, leaving the name of the grantee in blank, and forward the same to I. L. Mosher, Esq., county treasurer of Wood county, at Grand Rapids, Wis., or to your agent, if you have one here, to be delivered to me on payment of the $200 and the delivery of the necessary security. You will confer a favor by notifying me whether you still hold your offer good, and to whom you will send the deed, at your earliest convenience. Yours truly,     C. O. BAKER."

"CENTRALIA, WIS., November 10, 1881.

"*Thomas R. Holt*, 29 *Benton Street:*— Have written you, will take land at your figures.   Answer.    C. O. BAKER."

The evidence shows that it takes four days to transmit by mail a letter from Centralia to Hartford, and the same time from Hartford to Centralia.   It also shows that on the 10th day of November, and before he received the letter of plaintiff, dated the 7th of the same month, and before the telegram was received, the defendant wrote again to the plaintiff, notifying him that he had concluded not to sell the land at the price named in his letter of the 24th of October, and that after the receipt by the plaintiff of defendant's letter of November 10th, and on the 14th of said month, plaintiff wrote and mailed to the defendant the following letter:

"CENTRALIA, WIS., November 14, 1881.

"*Thomas R. Holt, Hartford, Conn.*— DEAR SIR: Yours November 10th is at hand and contents noted.   Will you make me your *lowest* cash offer on your land, to hold good at least twenty days, that I may have time in which to signify my acceptance of the offer, if considered reasonable. $800 is about all the land is worth, and I would not give much more for it.   Let me hear from you by return mail, and oblige, yours truly,                    C. O. BAKER."

The answer of the defendant admitted all the facts above stated, and for the purposes of this case it is also presumed that the answer admits that the plaintiff wrote the defendant a letter of inquiry, as stated in his complaint, in which letter the lands of the defendant were properly described as alleged in said complaint.   The plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense.   The circuit court sustained the demurrer, and from the order sustaining the same the defendant appeals to this court.   This ruling can only be sustained upon the ground that the plaintiff's letter of November 7th was an unqualified acceptance of the offer to sell made by the

defendant in his letter of October 24th, or that the telegram of November 10th was such an acceptance.

We are of the opinion that the court erred in construing the letter of November 7th as an unqualified acceptance of the defendant's offer, and that the two letters constituted a binding contract of sale. The defendant's offer entitled him to have the money paid to him at Hartford, and the notes and mortgage delivered there, and to deliver his deed there and not at Centralia, or any other place in Wisconsin. This construction of the defendant's letter is not controverted by the learned counsel for the respondent; but he insists that what is said in the plaintiff's letter about sending the deed to the treasurer of Wood county, or his agent in said county, if he had one, executed in blank as to the name of the grantee, and the payment of the money and the delivery of the notes and mortgage to his agent in said county, is merely suggested as a convenient way of carrying out the agreement, and not as conditions of his acceptance of the offer. We think the letter of the plaintiff is not susceptible of the construction given it by the learned counsel. We are clearly of the opinion that the defendant could not have compelled the plaintiff to perform the contract on his part unless he had remitted the deed to the treasurer of Wood county, or to some agent appointed by him there, executed in blank as to the grantee, and have demanded the payment of the money and the delivery of the security there, and not at his residence at Hartford, Connecticut. We are unable to distinguish this case from the case of the *Northwestern Iron Co. v. Mead*, 21 Wis., 474; and it is clearly distinguishable from the case of *Matteson v. Scofield*, 27 Wis., 671.

In the case last cited, the purchaser, in his letter of acceptance, states that he has deposited the money in a bank in Milwaukee, and requested the deed to be sent to the bank for him; but he adds: "I suggest this method of making the transfer, as it saves time and expense." This statement in

the letter of acceptance shows that it was not intended to qualify his previous unconditional acceptance of the vendor's offer, and in addition the vendor acknowledged the receipt of the letter of acceptance and made no objection to it in any way, nor did he withdraw his offer, but stated that he had made up his mind to come to Hudson and do the business in person. In the case at bar the defendant waived nothing; and, in fact, before he received the plaintiff's letter of acceptance wrote another letter withdrawing his offer. It is probably true that he could not withdraw his offer so as to bind the plaintiff if the plaintiff had in proper time mailed his letter to defendant containing an unqualified acceptance of his offer. But this letter of the defendant withdrawing his offer is proper evidence tending to show that he waived none of the terms of his original offer. The telegram was no more an absolute acceptance than the letter. It refers to the letter as containing plaintiff's acceptance of his offer, and if that letter is not an unconditional acceptance the telegram does not help it.

We think there was another question in the case, viz., Was the acceptance made in time? The defendant's letter clearly intimated that he required an immediate reply to his offer. He notifies the plaintiff that he has inquiries for the land from other parties, and that if plaintiff wants to buy now he will sell, etc. The plaintiff must have received the defendant's letter as early as the 28th or 29th of October, and he did not write his letter of acceptance until the 7th of November, either nine or ten days after its receipt, and in this letter the plaintiff seems to entertain a doubt as to whether his letter of acceptance was in time, and closes it with the following inquiry: "You will confer a favor by notifying me whether you still hold your offer good, and to whom you will send your deed, at your earliest convenience." We have serious doubts whether the letter of acceptance was mailed in time; but we prefer to put our decision upon the

ground that the letter was not an unconditional acceptance of the defendant's offer.

For the reason stated, the court erred in sustaining the demurrer to the defendant's answer.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.