## BAXTER & RULE v. BISHOP ET AL.

1. **Contract by Letter:** WHAT NECESSARY TO CONSTITUTE. To constitute a contract by correspondence, one letter must contain a distinct proposition, and the answer must be an unqualified acceptance. The evidence in this case (see opinion) does not establish such a contract.

*Appeal from Ida District Court.*

FRIDAY, MARCH 20.

THE plaintiffs brought this, their action in attachment, against the defendant Bishop, and garnished the defendant Williams, who had money in his hands realized upon a sale of cattle and hogs belonging to Bishop. Palmer & Richman intervened, setting up a claim upon the money. The cause as between the plaintiffs and intervenors came on for trial as an action in equity, and a decree was rendered dismissing the petition in intervention as against the plaintiffs. The intervenors appeal.

*John S. Monk,* for appellants.

*Rollins & Bradshaw,* for appellees.

ADAMS, J.—The intervenors averred, in substance, in their petition in intervention, that prior to January 1, 1883, they were engaged in business as commission men in the city of Chicago; that in the latter part of 1882 they, as commission men, advanced money to the defendant, Bishop, with which to buy cattle and hogs for their mutual benefit,—such cattle and hogs to be assigned to them at their place of business in Chicago; that Bishop used the money advanced by them in buying cattle and hogs, which were not shipped to them, but sold, and the proceeds constituted the fund in controversy. They averred, in substance, that they had an equitable lien upon the cattle and hogs by virtue of their advancement of the money to purchase them, and by virtue of the agreement

that they should be assigned to the intervenors at their place of business, and that the plaintiffs had notice of the intervenors' lien; and that they have an equitable right to the fund derived from the proceeds, superior to the plaintiffs' attachment.

The plaintiffs, for answer to the petition in intervention, denied that there was any agreement on the part of Bishop to assign the cattle and hogs to the intervenors.

Several interesting questions of law are discussed by counsel in their argument, but, in the view which we have taken of the case, it will be sufficient for its disposition to determine a single question of fact. Does the evidence show an agreement on the part of Bishop to assign the cattle and hogs to the intervenors? We have examined the evidence with care, and we have to say that we think that it fails to show such agreement. The evidence upon this point is very brief, and we will set it out in full. On November 1, 1882, Bishop wrote to the intervenors in these words: "DEAR SIRS: Are you still willing to hold good your former proposition to honor draft for me for one-half cost car of stock in advance? Hogs will be the principal shipment." The agreement relied upon by the intervenors is alleged to be in writing, and composed of the letter above set out, and the intervenors' reply thereto. But the letter in reply was not introduced in evidence. One of the intervenors testified as a witness, but testified merely that Bishop's letter was replied to. Bishop, however, testified in these words: "They accepted the proposition in a letter to him. Stock to be shipped to them; I purchased with money." This is all the evidence there is as to the contents of the writings which the intervenors rely upon as constituting the agreement between them and Bishop. Contracts may be made by correspondence, but to constitute a contract by correspondence one letter must contain a distinct proposition, and the answer must be an unqualified acceptance. 1 Pars. Cont., 476; *Vassar v. Camp*, 11 N. Y., 441.

Now it seems to us impossible to find a contract from what is contained in Bishop's letter, and from anything that is shown in relation to the intervenors' reply thereto. In the first place, Bishop's letter does not contain any proposition. It refers to a former proposition by the intervenors to honor Bishop's draft. If there was anything to be done by Bishop, he was yet to be bound, either by some distinct proposition as to what he would do, and by acceptance thereof by the intervenors, or by a proposition on their part and acceptance by Bishop. This transaction, so far as the written part is concerned, never seems to have gone beyond a proposition contained in the intervenors' reply. There is no pretense that Bishop ever accepted the proposition in writing. What obligation, if any, arose on Bishop's part by implication from what was done, we need not enquire. The intervenors not only declared upon a written agreement, but they declared that Bishop's letter and their reply constituted the agreement. We are not able to hold that those writings constituted an agreement, and the judgment must be

AFFIRMED.