## SAWYER v. BROSSART ET AL.

1. **Sale of Land**: OFFER BY LETTER: ACCEPTANCE MUST BE IN TERMS OF OFFER: ILLUSTRATION. B., a resident of California, by letter addressed to plaintiff at his place of residence in Iowa, offered to sell certain real estate to plaintiff for $5,000. Plaintiff telegraphed that he would take the property at that price, and added: "Money at your order at First National Bank here. Telegraph me immediately when to expect deed." *Held* that B. was entitled under his offer to have the money paid to him at his place of residence, and to deliver the deed there, and that, as the acceptance of plaintiff was not an acceptance of the offer as made, it did not bind B., and specific performance could not be enforced.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 15.

THIS is an action to enforce the specific performance of an alleged contract for the purchase of certain real estate, or for the recovery of damages for failure to perform, if it be found that the title of the property cannot be conveyed to the plaintiff. The cause being in equity, a trial was had to the court, and a decree was entered for the defendants. Plaintiff appeals.

*C. S. Ranck* and *S. H. Fairall,* for appellant.

*Boal & Jackson,* for appellees.

ROTHROCK, J.—The defendant John F. Brossart, a resident of Los Angeles, California, was the owner of the property in controversy, consisting of two business rooms in Iowa City. On the twenty-first day of September, 1883, a letter was received by the plaintiff from Brossart, the material part of which is as follows: " Yours at hand. You can have that building for thirty-five hundred dollars, or the two for $5,000. Let me hear from you at once." On the next morning the plaintiff sent the following telegram:

"IOWA CITY, Iowa, September 21, 1883.

*" John F. Brossart, Los Angeles, California:* Accept your offer for two buildings at five thousand dollars. Money at your order at first National Bank here. Telegraph me immediately when to expect deed.

"D. F. SAWYER."

On the afternoon of the twenty-first day of September a contract of sale was made of one of said business rooms by Messrs. Boal & Jackson to the defendant Noel, at an agreed price of $5,000, said Boal & Jackson claiming to be agents of Brossart and authorized to make the sale. Said agents also sent Brossart a telegram, advising him of the sale they

had made. Both of said telegrams were received by Brossart at the same time. He conveyed the property to Noel in accord with the contract made by Boal & Jackson. The plaintiff claims that his acceptance of the offer by telegram was binding upon Brossart, and that the contract was complete from the date of such acceptance. It is also claimed that Boal & Jackson were not authorized by Brossart to make a sale of the property; and it is charged that Noel acted in bad faith, and fraudulently interfered and prevented the plaintiff from closing up the purchase. We do not think said claims are well founded. Noel had the same right to purchase this property that the plaintiff had, and if he succeeded in making a valid purchase he only prevented the plaintiff from purchasing the property at much less than its value, as the evidence shows.

When Brossart learned that he had offered the property at less than its value, or in any state of the case, it was his right to stand upon a strict acceptance of his offer. We do not think it is material to inquire whether Boal & Jackson had authority to make a valid sale. We think that Brossart was not bound to comply with the acceptance of plaintiff, because it was not an acceptance of the offer. It was coupled with a condition with which Brossart was not required to comply. It was Sawyer's duty to pay the money to Brossart. It was a direct offer, and required an acceptance in the terms of the offer. Brossart made no reply to the telegram from plaintiff. It was his right to ignore it by silence; and all the evidence shows that from that time he treated the negotiations as at an end. Brossart's offer entitled him to have the money paid to him at Los Angeles and to deliver the deed there. The conclusion we reach finds support in the following cases: *Northwestern Iron Co. v. Meade*, 21 Wis., 474; *Baker v. Holt*, 56 Id., 100; S. C., 14 N. W. Rep., 8; 1 Pars. Cont. (6th Ed.), 475.

AFFIRMED.