Batie v. Allison.

BATIE v. ALLISON.

**Vendor and Vendee:** SPECIFIC PERFORMANCE: ACCEPTANCE NOT IN TERMS OF OFFER. Specific performance will not be decreed where there is uncertainty, ambiguity or doubt respecting the contract. (See opinion for authorities.) And so, where defendant wrote to plaintiff: " Will give a warranty deed as title now stands at eight dollars per acre net to me," and plaintiff replied: " We accept your offer without qualification. * * * Notify us when and where to send money. We understand, of course, that you have L.'s title, and that you will place the same on record," *held* that the acceptance was not an unconditional one in the terms of the offer, and therefore that there was no contract to be enforced. (Compare *Sawyer v. Brossart,* 67 Iowa, 678.)

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, MAY 11, 1889.

THE facts appear in the opinion.

*Mason & Thomas,* for appellant.

*Murphy & Fort,* for appellee.

GIVEN, C. J.—The plaintiff filed his petition, asking specific performance of an alleged contract of purchase and sale of certain real estate. He set out and makes a part of his petition certain letters, which it is claimed constitute the contract sought to be enforced. The defendant demurred to the petition, which demurrer was sustained, and, the plaintiff electing to stand upon

his petition, judgment was entered dismissing the same, and for costs; to which the plaintiff excepted, and from which judgment he appeals.

The only question raised by the demurrer is whether the letters set out as part of the petition show such an offer and acceptance as to constitute a contract between the parties. The relief asked is that a decree be entered requiring the defendant to execute a warranty deed to the plaintiff for the lands described, and, in case defendant is unable to do so, that plaintiff have judgment for eight hundred dollars damage. It is a well-settled rule in equity that specific performance will not be granted when there is an uncertainty, ambiguity or doubt respecting the contract. *McDaniels v. Whitney*, 38 Iowa, 60, and authorities therein cited. To be entitled to specific performance, therefore, the petition should show a contract wherein there is no uncertainty, ambiguity or doubt. An offer by one party, assented to by the other, will generally constitute a contract; but the assent must comprehend the whole of the proposition. It must be exactly equal to its extent of terms, and must not qualify them by any new matter. The proposal to accept, or the acceptance of an offer on terms varying from those proposed, amounts to a rejection of the offer. *Baker v. Johnson County*, 37 Iowa, 186. But, as stated in *Goodenow v. Barnes*, 40 Iowa, 561: "An acceptance, in order to bind the parties, must be unequivocal and unambiguous. * * * The language of the acceptance should be such as would leave no avenue of escape for the party using it from the obligation of a contract based upon the proposition and acceptance. The contract, to be binding, must be mutual. If the acceptor does not bind himself by the language of the acceptance, no contract will be created binding the other party."

The letter (Exhibit B) relied upon as constituting the offer reads: "Will give a warranty deed as title now stands, at eight dollars per acre net to me. Have no desire to try and get bottom title." This last remark refers to an inquiry in the preceding letter—"Can you

not unite a government title with Lash's tax title? The government title seems to be in Jerome Bonham." The letter (Exhibit C) relied upon as constituting the acceptance reads: " We accept your offer without qualification, for sale of S. E. fourth 31—87—35. Make deed to William F. Batie, and notify us when and where to send money. We understand, of course, that you have Lash's title, and that you will place the same on record." The whole of the proposition was " to give a warranty deed as title now stands, at eight dollars per acre net to me."

Is Exhibit C an unqualified acceptance of the whole of the proposition, or does it qualify the proposition by any new matter? Though it says, " We accept your offer without qualification," it is clearly with the understanding and upon the condition " that you have Lash's title, and that you will place the same on record." The offer expressed nothing as to time or place of payment, and, had the acceptance been without expression on that subject, the law would fix the time and place; but the acceptance is upon condition that defendant would " notify us when and where to send the money."

In *Sawyer v. Brossart*, 67 Iowa, 678, the offer was from Brossart, residing at Los Angeles, California, for property in Iowa City, and the response was from Sawyer at Iowa City. The offer was: " You can have the building for $3,500, or the two for five thousand dollars." The acceptance was: " Accept your offer for two buildings at five thousand dollars. Money at your order at First National bank here. Telegraph me immediately when to expect the deeds." This was held not to be an acceptance of the offer ; that it was coupled with a condition with which Brossart was not required to comply. It was Sawyer's duty to pay the money to Brossart. It was a direct offer, and required an acceptance in the terms of the offer. Brossart's offer entitled him to have the money paid and deed delivered to him at Los Angeles.

It is claimed that, if there were qualifications expressed in Exhibit C, that then became a proposition, and that Exhibit C, with such qualifications, was accepted by the defendant. We do not think the correspondence exhibited will bear such construction. We are clearly of the opinion that the petition fails to show such an acceptance of any offer made as constituted a contract; certainly not a contract so free from uncertainty, ambiguity or doubt as that equity will enforce it. The judgment of the district court is

AFFIRMED.