[No. 12184.   Department One. — December 16, 1889.]

W. D. WRISTEN, APPELLANT, v. P. E. BOWLES, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — LETTERS — QUESTION OF LAW — PROPOSAL AND ASSENT — QUALIFIED ACCEPTANCE — REVOCATION OF PROPOSAL. — It is for the court to determine whether letters which have passed between the parties constitute an agreement between them for the purchase and sale of land. To constitute a binding contract made in this form, there must be a proposal squarely and unqualifiedly assented to. A qualified acceptance based upon terms varying from those proposed is a rejection of the proposal, and constitutes a new proposal. A proposal imposes no obligation unless accepted as made, and may be revoked at any time before its acceptance is communicated to the proposer.

ID. — EVIDENCE — INSUFFICIENT CORRESPONDENCE — PAROL EVIDENCE — ADMISSION — STATUTE OF FRAUDS. — When letters offered in evidence to show a written contract for the purchase and sale of land do not disclose that the minds of the parties ever met, or that any agreement was ever reached between them, and when there is no pretense of part or any performance on the part of either party, evidence tending to show an oral agreement or admission that there had been such an agreement is incompetent and inadmissible. Such an agreement, if made, was void under the statute of frauds, and furnished no ground of recovery.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*B. McKinne,* for Appellant.

*Reinstein & Eisner,* for Respondent.

Fox, J.— This is an action for the recovery of the sum of ten thousand dollars damages for the alleged breach of a contract for the sale of land. The case was tried before the court without a jury, and the defendant had judgment. Plaintiff moved for a new trial, which was denied, and plaintiff appealed.

There are no findings in the record, nor does it affirmatively appear that findings were waived, but as no point is made on the want of findings, we pass to a consideration of the case on its merits, assuming that the facts found support the judgment.

Appellant makes two points, the first of which is not very clearly stated, but which practically amounts to this: That the evidence does not support the judgment, but on the contrary was such as would support a judgment in favor of plaintiff. The other is, that the court erred in excluding and striking out certain evidence.

The contention of appellant is, that certain correspondence between the plaintiff and defendant, taken as a whole, was such as constituted an agreement in writing for the sale by defendant to plaintiff, and the purchase by plaintiff from defendant, of certain lands in Fresno County, at thirteen dollars per acre, one half payable in cash upon the execution of the deed, and the balance in two equal annual installments. It seems from the record that nineteen letters passed between the parties, eighteen of which are given in full in the transcript, and the contents of the other are testified to by

the plaintiff, who also testifies that the letter itself had been lost. We have read this correspondence, and the proof of the contents of the lost letter, entire, and find nothing in the whole which amounts to an agreement in writing binding upon either of these parties. It opens with a letter from plaintiff to defendant dated December 26, 1883, asking for the price and terms upon which defendant will sell the land. The reply to this offers the property upon the terms above stated. Other letters pass without an acceptance of the offer, but proposing on the part of plaintiff different terms of payment, until January 22, 1884, when the defendant writes to plaintiff advising him that he has another offer of thirteen dollars, all cash, and asks the plaintiff if he is ready and willing to make the purchase, but concludes by saying: "In the mean time I will see what I can do, although I wont promise anything, as I am afraid Easton and Eldridge will hold me to the contract." (This referring to a contract with Easton and Eldridge made before this correspondence was opened, by which the latter were authorized to sell the property, and under which they had procured this new offer of thirteen dollars cash.) To this the plaintiff replies, "I am ready and willing to buy," but still asks the modification of terms of payment, to which defendant had never acceded, and concludes his letter by saying: "The money is ready as soon as I can have it sent from Yolo. So, hoping to hear from you soon," etc. The preceding correspondence shows that the plaintiff was relying upon money to be sent from Yolo to make the first payment, and that it was insufficient to meet the terms proposed by defendant, and only sufficient to meet the modified terms proposed by plaintiff, and which were never accepted by defendant. Nothing in any of the subsequent correspondence shows that the minds of the parties ever met, or that any agreement was ever reached between them.

The court below was therefore correct in holding, as it must have held to reach the judgment given, that there was no agreement in writing between the parties for the purchase and sale of this property. It is for the court to determine whether letters which have passed between parties constitute an agreement between them. (*Luckhart* v. *Ogden*, 30 Cal. 547.) These letters certainly did not. To constitute a binding contract made in this form, there must be a proposal squarely assented to. If the acceptance be not unqualified, or go not to the actual thing proposed, then there is no binding contract. (1 Wharton on Contracts, sec. 4.) A proposal to accept, or an acceptance based upon terms varying from those offered, is a rejection of the offer. (*National Bank* v. *Hall*, 101 U. S. 51.) An offer imposes no obligation, unless it is accepted upon the terms upon which it was made. (*Tilley* v. *County of Cook*, 103 U. S. 161.) An acceptance must be absolute and unqualified. A qualified acceptance is a new proposal. (Civ. Code, sec. 1585.) A proposal may be revoked at any time before its acceptance is communicated to the proposer. (Civ. Code, sec. 1586.) These principles of law are decisive of this case on the evidence.

There was no error in excluding the oral testimony which was objected to or stricken out. Plaintiff having failed to prove an agreement in writing, and there being no pretense of part or any performance on the part of either party, evidence tending to show an oral agreement, or an admission that there had been such an agreement, was incompetent and inadmissible. Such an agreement, if made, was void under the statute of frauds, and furnished no ground of recovery.

Judgment and order affirmed.

WORKS, J., and PATERSON, J., concurred.