## V. M. Smith, Appellant, v. A. W. Allen.

**Land Sale Commissions.** A broker employed to sell land for a specified amount, five hundred dollars of which is to be paid in cash, is not entitled to commissions on finding a purchaser for the amount specified but who agrees to pay only two hundred and fifty dollars in cash and requires a well to be dug on the premises which will furnish a good supply of water.

**Practice on Appeal:** EVIDENCE REVIEWED: *Abstracts.* A judgment will not be reversed, as contrary to the evidence in the record, where there is no response to denials in appellee's additional abstract that the two abstracts contain all the evidence, or that it was preserved and made of record by bill of exceptions.

*Appeal from Wright District Court.*—Hon. D. R. Hindman, Judge.

### Friday, April 9, 1897.

ACTION at law to recover compensation for the alleged sale of real estate. At the conclusion of the evidence the district court directed a verdict for the defendant, and rendered judgment in his favor. The plaintiff appeals.—*Affirmed.*

*Aaron Yearous* and *D. C. Filkins* for appellant.

*Nagle & Nagle* for appellee.

ROBINSON, J.—The record submitted to us tends to show the following facts: In July, 1895, the defendant owned a quarter section of land in Wright county, and authorized the plaintiff, a real estate agent, to sell it for five thousand three hundred dollars on the following terms: The purchaser was to pay five hundred

dollars in cash, assume a mortgage then on the land for two thousand dollars, and give a second mortgage thereon to secure the remainder. The defendant was to place certain improvements and a windmill on the farm. The price given was to be net to the defendant. On the next day the plaintiff found a purchaser, who offered to take the farm for five thousand six hundred dollars, on the terms the plaintiff was authorized to give, excepting that only twenty-five dollars were to be paid in cash; the remainder of the five hundred dollar payment was to be paid September 1, and the defendant was to furnish a well and a good supply of water on the farm. The offer was made known to the defendant on the day after it was made, and he at once refused to accept it. The plaintiff seeks to recover the amount the offer exceeded the price asked, or three hundred dollars, as his compensation for obtaining the offer. The undisputed facts show that he is not entitled to any relief. He did not find a purchaser for the farm on the terms he was authorized to give. The conditions that four hundred and seventy-five dollars of the cash payment required by the defendant should not be paid until September 1, and that he should put down a well, and furnish a good supply of water, were a material departure from the terms he had authorized, and sufficient to make the attempted sale of no effect. *Wanless v. McCandless,* 38 Iowa, 23; *Gilbert v. Baxter,* 71 Iowa, 331 (32 N. W. Rep. 364). The plaintiff states that he intended to advance the four hundred and seventy-five dollars if the defendant wished him to do so, but it does not appear that it was tendered to the defendant, and such a tender would not have been effectual to make a valid contract, because of the unauthorized requirement that the defendant should furnish a well. The court did not err in directing a verdict for the defendant. It is proper for us to state that the judgment of

the district court could not be reversed, even though it appeared to be contrary to the evidence set out in the record, for the reason that the appellee, in an additional abstract, denies that the two abstracts contain all the evidence introduced on the trial, and denies that the evidence was preserved or made of record by bill of exceptions. As there is no response to these denials, they must be taken as true. The judgment of the district court is AFFIRMED.