ALBERT BALKEMA, Appellant, v. H. SEARLE.

**Principal and Agent:** ‘DIRECTIONS TO REAL ESTATE AGENT: *Sale and finding buyer.* Where the owner of a leased farm wrote to a real estate agent offering to sell at a specified price, leaving indefinite the time for which a deferred payment was to run and the disposition to be made of rent notes, the latter's authority went no further than to produce a buyer, and he had no right to enter into a contract of present sale in his principal's name.

*Same.* A real estate agent's authority to sell is limited to the precise terms given him by his principal, and the latter is not bound by a departure therefrom.

*Appeal from Sioux District Court.*—HON. WM. HUTCHIN-
SON, Judge.

SATURDAY, APRIL 12, 1902.

ACTION in equity to enforce specific performance of an
alleged contract to convey real estate.   From a judgment dis-
missing the petition, plaintiff appeals.—*Affirmed.*

*Hatley & Irwin* for appellant.

*Hutchinson & Plank* for appellee.

WATERMAN, J.—Defendant, who resided in the state of
Wisconsin, owned a quarter section of land in Sioux county.
In the month of February, 1899, one Snyders, a real estate
agent at Orange City, wrote plaintiff asking if his
land was for sale, and, if it was, at what price.   This
letter was answered by defendant, who stated, in sub-
stance, that the land was for sale, price $5,000 net, $2,000
cash, balance on time at 6 per cent.; the purchaser to take
subject to lease for two years.   The next letter of any conse-
quence was written by Snyders, and is as follows: "Orange
City, Iowa, June 26th, 1899.   Mr. Henry Searle, Omro,
Wis.—My Dear Sir:  There will be a man in to see me who
would like to know if you would be willing to sell your land in
Lynn township on the following terms, viz: To pay you one-
half cash by next March, 1900, and pay you $100.00 down to
bind the bargain.   Now, please let me know, so I can tell him
when he comes in town.   Respectfully yours, L. Snyders."
To this defendant responded: "Omro, July 1st, 1899.   Mr.
Snyders—Dear Sir:  My price is $5,000 for the farm in
Lynn township, half cash, and the balance given on time at
six per cent. interest, but the man will have to take the farm
subject to the lease.   There is a two-years' lease to run, at
$275 per year, but the man can pay the $100 down to bind
the bargain, but my price is net $5,000. Yours, Henry Searle."

Snyders then wrote again: "Orange City, Iowa, July 6th, 1899. Mr. Henry Searle—Dear Sir: Yours of July 1st at hand. You did not answer my question I asked. It is this: In case my man buys your land, would you wait for one-half cash till next March, but pays $100.00 down to bind the bargain? Kindly let me know by return mail, and oblige, very truly, L. Snyders." Defendant's answer to the last letter was as follows: "Omro, July 9, 1899. Mr. Snyders— Dear Sir: Yours of July 1st at hand, and would say that it will be all right to get $100 down and $2,400 on March next, but your man must take the farm subject to the lease; the lease is not up till two years from next fall. Truly yours, Henry Searle." On October 24th following, Snyders, in defendant's name, entered into a contract of sale of the land to plaintiff on the following terms, among others: Price, $5,200, $100 of which was paid down, $2,500 to be paid on execution of deed, and the remainder on or before two years, at 6 per cent. interest, to be secured by mortgage. Sale made subject to lease. The said lease and notes to be assigned to first party. Second party to furnish an abstract of title at his own expense. The defendant repudiated this contract, denying Snyders' authority to make it, and this action on his part gives rise to the present suit.

There is no question but that Snyders was defendant's agent to some extent and for some purpose relating to the sale of this land, and we fail to find that his authority was revoked before the contract with plaintiff was made. But what was the authority he had? Was it to make a sale of the land, or merely to find a purchaser for it? In the correspondence, some matters were left indefinite, to be settled by defendant, doubtless, when the purchaser appeared. These were the length of time the deferred payment should run, and the disposition to be made of the rent notes. The rent was due on November 1st, and it can hardly be supposed defendant intended to put earned rent in with the land in order to secure.

a sale.  We are quite clear that Snyder's authority went no farther than to produce a buyer, and that he had no right to enter into a contract of present sale in his principal's name. *Furst v. Tweed,* 93 Iowa, 300; *Gilbert v. Baxter,* 71 Iowa, 327; *Holmes v. Redhead,* 104 Iowa, 399; *Stewart v. Pickering,* 73 Iowa, 652; *Armstrong v. Lowe,* 76 Cal. 616 (18 Pac. Rep. 758); *Morris v. Ruddy,* 20 N. J. Eq. 236; *Halsey v. Monteiro,* 92 Va. 581 (24 S. E. Rep. 258); *Ballou v. Bergvendsen,* 9 N. D. 285 (83 N. W. Rep. 10).

II.  The terms of the alleged sale were not such as Snyders was authorized to make.  There was no agreement by defendant to furnish an abstract of title at his own cost, nor necessarily to assign the rent notes, then within a few days of maturity.  Snyders' authority was limited to the precise terms given by defendant.  *Sawyer v. Brossart,* 67 Iowa, 678; *Gilbert v. Baxter,* 71 Iowa, 327; *Batie v. Allison,* 77 Iowa, 313; *Smith v. Allen,* 101 Iowa, 608.

The judgment of the trial court is correct, and therefore it is AFFIRMED.