Enos B. Hunt v. S. B. Tuttle, Appellant.

**Sale of real estate:** RECOVERY OF COMMISSIONS: INSTRUCTIONS. A real estate broker seeking to recover a commission in reliance upon a sale made under the authority given him, must prove a sale in accordance with his authority; and an instruction which permits recovery upon proof of a sale on unauthorized conditions is erroneous.

*Appeal from Polk District Court.*— Hon. Hugh Brennan, Judge.

Tuesday, March 12, 1907.

This is an action to recover a commission for effecting a sale of real estate for defendant. There was a trial to a jury and verdict and judgment for plaintiff. The defendant appeals.— *Reversed.*

*Carr, Hewitt, Parker & Wright,* for appellant.

No appearance for appellee.

McClain, J.— Plaintiff's cause of action was stated in two counts, in the first of which he alleged employment by the defendant under an oral contract to sell certain described

property of defendant for him for the sum of $16,000, and that the services of the plaintiff by way of commission were reasonably worth $425. The second count was substantially the same as the first, save that the contract with defendant for a commission was alleged as implied from the fact that defendant authorized the sale of the property by plaintiff, with knowledge that plaintiff was engaged in the business of selling real estate on commission for others, and acquiesced in and assented to the efforts of the plaintiff to make sale of the property. In defendant's answer there is a denial of any authority on the part of plaintiff to make a sale, a denial of the fact that sale was made, and an allegation that plaintiff was not acting in good faith as the agent of defendant in making a pretended sale, but was acting in collusion with the person to whom the sale was claimed by him to have been made. There was evidence tending to show authority given by defendant to plaintiff to effect the sale of the property described for $16,000, and that a written contract of sale was executed by plaintiff purporting to act as agent for and to bind the defendant to one Hubbell, under which plaintiff accepted Hubbell's check for $100, and agreed to furnish an abstract within ten days; Hubbell agreeing on his part to pay the balance of $16,000 purchase price within thirty days from date of the contract upon presentation of a good and sufficient warranty deed, the leases for any portion of the property to be assigned to said Hubbell and rents paid to him from date of deed.

The claim of plaintiff in his petition, and as a witness, was that he had effected a sale, and had thereupon become entitled to a commission, and the material questions raised by the pleadings and submitted by the court to the jury for determination under the evidence, which was in conflict, were whether the defendant had authorized the plaintiff as his agent to sell the property, and whether any such sale as plaintiff was authorized to make had been effected. There was no evidence as

to the terms of sale which plaintiff was authorized to make, except that it was to be for $16,000. Under this authority plaintiff had not the right to impose on defendant the obligation, as a condition of the sale, to furnish an abstract of the title, and plaintiff, therefore, had no authority to make a sale on such conditions. *Balkema v. Searle,* 116 Iowa, 374; *Gilbert v. Baxter,* 71 Iowa, 329; *Eastman v. Montgomery,* 90 Cal. 307 (27 Pac. 280, 25 Am. St. Rep. 123); *Espy v. Anderson,* 14 Pa. 308; 1 Warvelle, Vendors (2d Ed.) section 289. It is well settled that, if the agent relies for his commission on having made a sale under the authority given to him by the owner, he must prove a sale made on the terms and conditions specified by the owner. *Balkema v. Searle,* 116 Iowa, 374; *Smith v. Allen,* 101 Iowa, 608; *Blodgett v. Sioux City & St. P. R. Co.,* 63 Iowa, 606. Under the issues in this case it was wholly immaterial whether plaintiff found a purchaser to whom defendant sold the property either on the terms on which plaintiff was authorized to make a sale or on other terms. The question is simply whether plaintiff did, in fact, make a sale within the terms of his authority.

The court instructed the jury that plaintiff must show that he did effect a sale of the property for $16,000 according to the terms of the contract, but the jury were not instructed that authority to sell for $16,000 did not authorize plaintiff to enter into a contract of sale requiring defendant to furnish an abstract of title. The jury were further instructed that if defendant entered into a contract by the terms of which he authorized plaintiff to sell the property at a price named, and if plaintiff did enter into a contract for the sale of said property to a person who was ready, able, and willing to pay therefor according to said contract, that was all he was required to do. We think that these instructions were erroneous. Under them the plaintiff would have been entitled to his commission on contracting for a sale at the price of $16,000 on any terms and conditions which plaintiff

should have seen fit to embody in the contract. It is clear that the court did not correctly submit to the jury the question as to whether the sale was on the terms on which plaintiff was authorized to effect a sale of the property.

Other errors are relied upon in the brief for appellant, but, as we have not been favored with an argument for appellee, we do not feel justified in going into the case further than to decide whether the judgment of the trial court can be sustained.

Finding that in the respect pointed out the claims of plaintiff are not supported by the evidence, and also that the questions involved were not correctly submitted to the jury, we reach the conclusion that the judgment of the trial court must be *reversed*.