HARRIS BROTHERS, A CO-PARTNERSHIP, THE INDIVIDUAL MEMBERS OF WHICH ARE SIMON HARRIS AND LYMAN HARRIS, V. JESSE E REYNOLDS.

Opinion filed Dec. 19, 1907.

**Brokers — Contract with Owner — Evidence.**

1. Plaintiffs, who are in the real estate business in Bismarck, wrote defendant, a resident of New York and owner of certain real property near Bismarck, a letter asking information as to defendant's lowest price and best terms on same. Such letter also contained the following sentence: "There are a few buyers coming in here this fall, and we might be able to sell it for you if the price and terms are right." Defendant replied by letter stating among other things: "Would sell for $10 per acre, part down and time for balance;" no mention being made regarding the portion of plaintiff's letter wherein they state that they "might be able to sell it for you." Held, that such correspondence was ineffectual to create a contract authorizing plaintiffs to act as defendant's agents for the sale of the property, or for the purpose of procuring a purchaser therefor.

**Same — Ratification of Acts.**

2. Subsequently, plaintiffs found a person ready, able, and willing to purchase said property on terms stated in defendant's letter, and notified defendant of such fact, inclosing a deed for execution. The defendant thereafter executed such deed, but sent the same to one Reade, together with a letter constituting Reade his agent and authorizing him to deliver the deed and complete sale if in his judgment the terms were the best obtainable, and notifying plaintiffs of this action. Defendant through the said agent Reade refused to accept such terms and refused to deliver such deed. Held, that these facts did not amount to an acceptance of plaintiff's proposal or as a ratification of the unauthorized acts of plaintiffs in negotiating with a third person for the purchase of the property.

**Same — Evidence.**

3. Plaintiffs seek to recover damages against defendant in the sum of $540 and interest, being the amount they would have received as commissions if defendant had accepted the offer of their customer. Held, that they wholly failed to establish a cause of action as alleged; and hence that it was not error to direct a verdict in defendant's favor.

Appeal from District Court, Burleigh county; Winchester, J.

Action by Simon Harris and Lyman Harris, doing business as Harris Bros., against Jesse Reynolds. Judgment for defendant, and plaintiffs appeal.

Affirmed.

*Andrew Miller,* for appellants.

*Newton & Dullam,* for respondent.

FISK, J. The order appealed from in this case was clearly correct, and must be affirmed. The appellants, who are in the real estate business in the city of Bismarck, seek to recover from respondent the sum of $540 and interest, which sum they claim to be due them as commissions for finding a purchaser for certain real property owned by respondent, near said city, pursuant to the terms of a contract claimed to exist between them. Defendant by his answer put in issue the existence of any such contract. The case was tried to a jury, and at the close of plaintiffs' evidence the trial court, on motion of defendant's counsel, directed a verdict in defendant's favor, and judgment was thereafter rendered upon such verdict. Subsequently a motion for a new trial was made and denied; and, from the order denying such motion, this appeal was taken.

The assignments of error all relate to the sufficiency of the evidence to establish the contract upon which plaintiffs rely to recover the alleged commissions. The defendant resides at Potsdam, N. Y., and the sole proof offered to establish the contract, consisted of the following correspondence between the parties: "Bismarck, N. D., Sept. 28, 1905. Mr. Jesse Reynolds, Potsdam, N. Y.—Dear Sir: Do you own the W. ½ of the S. E. ¼ of section 8-139-80 in Burleigh county, No. Dakota; if so, what is your lowest price and best terms on same. There are a few buyers coming in here this fall, and we might be able to sell it for you if the price and terms are right. An early reply will grealy oblige, we are, Very respectfully, [Signed] Harris Bros." "No. 8 Elm St. Potsdam, Oct. 11th-05. Harris Bros., Agents—Sirs: Yours of the 28 ult at hand. I am the owner of 97 acres of land near Bismarck once owned by Israel P. Hunt. The land cost me $1,600 and over. Would sell for $10.00 per acre part down and time for balance. The land is rented to Hon. Henry L. Reade for one year, which expires in Dec. Yours, etc., J. Reynolds." After the receipt of defendant's letter of October 11th, plaintiffs, evidently assuming that they were authorized to procure a purchaser for the land and to receive and retain as commissions all sums in excess of

$10 per acre or $960, entered into negotiations by correspondence with one Kriedler of Fullerton, Neb., which culminated in an offer by the latter to purchase said property for the sum of $1,500, to be paid as follows: $840 cash upon delivery of deed, $200 on or before May 1, 1906, $200 on or before May 1, 1907, and $260 on or before May 1, 1908. It is plaintiffs' contention that by finding such contemplated purchaser, who was willing, able and ready to purchase upon the terms above mentioned, that they thereby earned and are entitled to a cash commission of $540. This, no doubt, would be true if there was a contract to this effect between the parties, but we fail to see how the correspondence created any such contract. What language is there in defendant's letter which would warrant a court in holding that defendant thereby constituted plaintiffs his agents to sell this land, or to even procure a purchaser, and fixing plaintiffs' compensation at the excess of the selling price over the sum of $960? In plaintiffs' letter of September 28th they asked for information as to defendant's ownership of the land and his lowest price and best terms on same, adding: "There are a few buyers coming in here this fall, and we might be able to sell it for you if the price and terms are right." In defendant's reply he merely stated that he owned the land, and would sell for $10 per acre, part cash and balance on time. The letter is absolutely silent with reference to the statement in plaintiffs' letter to the effect that they might be able to sell the land for him. How, therefore, can it be claimed that upon the question of plaintiffs' agency the minds of these parties ever met? Can it be said that defendant's silence regarding plaintiffs' proposal to act for him was an implied consent that they might thus act? And, if so, where is the proof that plaintiffs' compensation was ever agreed upon? Was it within the contemplation of defendant at the time he wrote this letter that he was thereby employing plaintiffs as his agents to sell this land, and that they might pocket all the proceeds of such sale in excess of $960? Clearly not. Furthermore, if we concede—which we do not—that plaintiffs' letter contained a proposal to become defendant's agents, and that defendant's silence with reference thereto operated as an implied acceptance of such proposal, the same was too indefinite and uncertain as to terms and conditions to constitute a binding contract. It is, of course, well settled "that contracts may be made by correspondence, but, to constitute a contract by correspondence, one letter must contain a dis-

tinct proposition and the answer must be an unqualified acceptance."
Baxter v. Bishop, 65 Iowa, 582, 22 N. W. 685; Batie v. Allison,
77 Iowa, 313, 42 N. W. 306.

In Krum v. Chamberlain, 57 Neb. 220, 77 N. W. 665, it was said
"That a binding contract may result from an offer and accept-
ance, it is essential that the minds of the parties meet at every
point, and that nothing be left open for future arrangements. It has
been said 'that an acceptance, to be good, must in every respect
meet and correspond with the offer, neither falling within or going
beyond the terms proposed.' Knowlton's Anson, Cont. 22." See,
also, Wristen v. Bowles, 82 Cal. 84, 22 Pac. 1136; Niles v. Hancock,
140 Cal. 157, 73 Pac. 840; Tilley v. Co. of Cook, 103 U. S. 155, 26
L. Ed. 374. Balkema v. Searle, 116 Iowa, 374, 89 N. W. 1087,
cited by appellant's counsel, was an action by an alleged vendee to
compel specific performance of a contract to purchase land, entered
into with an alleged agent of the owner, and it was merely held
that the alleged agent had no authority to make the contract, and
hence, the same was not binding upon defendant. It is true that in
the opinion the court said that Snyders (the alleged agent) "was
defendant's agent to some extent and for some purpose relating to
the sale of this land," etc. The decision, however, was placed upon
the ground that the alleged agent exceeded his authority, hence is
of no weight as an authority upon the question involved in the
case at bar. After the receipt of defendant's letter of October 11th,
and after plaintiffs had procured a proposition from Kriedler to
purchase the land as before stated, plaintiffs wrote a letter to
defendant as follows: "Bismarck, N. D., Oct. 21, 1905. Mr. J.
Reynolds, Potsdam, N. Y.—Dear Sir: Your favor of the 11, inst.,
at hand, quoting us your price of $10.00, per acre net to you on
the west half and the west 264 feet of the east half of the south
east quarter of section 8-139-80. We have sold the above described
land as per your letter of the 11, inst., at $10.00, net to you on
the following terms: $300 cash, and notes and mortgages prop-
erly executed on the above described land for $660, payable as
follows: $200.00, on May 1, 1906, $200.00 on May 1, 1907, $260.00,
on May 1, 1908; notes payable on or before with interest at 6 per
cent, payable annually. We have deposited with us $100.00, $200.00
more will be paid by the time your deed reaches us, and will be paid
to the bank by us as soon as your deed arrives. We have left the
name of purchaser and consideration blank for our convenience

in closing sale with our customer. Very respectfully, [Signed]
Harris Bros." (Exhibit D.) It is perfectly apparent that, even
if plaintiffs were defendant's agents as contended, they exceeded
their authority in assuming to sell the land and in fixing the terms
of such sale. Appellants' counsel concedes this; but he contends
that such unauthorized sale was thereafter fully ratified by defend-
ant. It is contended that defendant's letter (Exhibit G) written to
one Reade, defendant's tenant of the land, constituted such ratifica-
tion, because therein he did not object to the terms or conditions of
the sale as stated in plaintiff's letter, Exhibit D. We think this
contention devoid of merit. Exhibit G is as follows: "No. 8 Elm
St., Postdam, Oct. 24, 1905. Hon. H. L. Reade: About the 1st of
October the Harris Brothers wrote inquiring price of my land in
Bismarck. I wrote them that the land was rented to you & I
could not sell except subject to your claim. To-day I rec'd a deed
from them for execution. I wrote them that I must have $10.00
per acre. It seems they have sold conditionally. Now you must
help me out if you think you can do better for me than to accept you
need not deliver the deed. But if it is as well as I could get you can
deliver at the Bank the deed & remit the Three Hundred and the
notes or ask the Bank to do so & close the deal. The abstract
of title I will send later. Now this sale is net to me. If you are
to lose by the deal they must arrange with you. I inadvertently
inserted the consideration—if they wish to have it blank as they
request they can return the deed & a fresh one for execution.
Yours truly, [Signed] Jesse Reynolds. Write soon. I should have
referred them to you before stating price—the notes are to be se-
cured on the land." We are unable to perceive how the sending of
this letter to Reade authorizing him to deliver the deed which
was enclosed therein, if in his judgment the terms were the best
obtainable, can be construed as a binding acceptance by defendant
of the proposal contained in plaintiffs' letter, Exhibit D, or in any
manner constituted a ratification of plaintiffs' unauthorized acts in
assuming to sell said land to Kriedler. Surely defendant's letter
to Reade authorizing him to either accept or reject the proposal
cannot be construed as a ratification of plaintiffs' unauthorized
acts. Defendant sent the deed to his agent Reade for the purpose
of facilitating the sale in the event Reade considered the terms
were the best obtainable. This conduct on defendant's part falls
far short of proving an unqualified acceptance or any acceptance

of the plaintiffs' proposal or a ratification of their said acts. This is too plain for discussion. Our views herein find support in the following cases: Sawyer v. Brossart, 67 Iowa, 678, 25 N. W. 876, 56 Am. Rep. 371; Gilbert v. Baxter, 71 Iowa, 327, 32 N. W. 364; Langelier v. Schaefer, 36 Minn. 361, 31 N. W. 690; Wristen v. Bowles, 82 Cal. 84, 22 Pac. 1136; Niles v. Hancock, 140 Cal. 157, 73 Pac. 840; Weaver v. Burr, 31 W. Va. 736, 8 S. E. 743, 3 L. R. A. 94; Riley v. Grant, 16 S.D. 553, 94 N. W. 427. See, also, section 5306, Rev. Codes 1905.

Plaintiffs, having wholly failed to establish a cause of action as alleged, the order appealed from was correct, and is accordingly affirmed, with costs to respondent. All concur.