(116 N. W. 88.)

---

## A. N. BEISEKER v. AMBROSE AMBERSON.

Opinion filed March 27, 1908.

**Vendor and Purchaser — Contract — Conditional Acceptance of Offer.**

1. Plaintiff asked the defendant by letter what the price of certain property was, and stated that he would buy it if the price was reasonable. Defendant answered, stating the price. Plaintiff accepted the offer, but asked the defendant to send the deed to one of two banks, and also asked him to assign the insurance policies and send them with the deed. *Held,* that the acceptance of the offer was not an unconditional one.

**Same.**

2. Before an acceptance of an offer becomes a binding contract, the acceptance must be unconditional, and must accept the offer without modification or the imposition of new terms.

**Same — Breach of Contract — Action for Damages — Tender.**

3. An action for damages for a refusal to convey real estate will not lie without a tender of the agreed price, unless it appears that a tender would be a futile act. If the refusal is conditional on future events, a tender is necessary before a cause of action is shown.

Appeal from District Court, Wells county; *Burke, J.*

Action by A. N. Beiseker against Ambrose Amberson. Demurrer to the complaint was sustained, and plaintiff appeals.

Affirmed.

*Bessessen & Berry,* for appellant.

Mailing acceptance of offer completes the contract. 9 Cyc. 295.

Requests and suggestions do not render acceptance conditional. Kreutzer v. Lynch, 100 N. W. 887; 9 Cyc. 269; 9 Cyc. 290; Stevenson v. McLean, 5 Q. B. D. 346; Clark v. Dales, 20 Barb. 42; Brisban v. Boyd, 4 Paige, 17; Culton v. Gilchrist, 61 N. W. 384; Stotesburg v. Massengale, 13 Mo. App. 221; Philips v. Moor,

71 Me. 78; Brown v. Cairns, 66 Pac. 1033; Cavender v. Wadding-ham, 5 Mo. App. 457; Johnson v. Talley, 10 Lea, 248.

Tender is unnecessary when it is apparent that it will not be accepted. 28 Am. & Eng. Enc. Law (2d Ed.) 7; Blight v. Ashley, 1 Pet. 15; Keller v. Fisher, 7 Ind. 718; Sonia Cotton Oil Co. v. Steamer Red River, 106 La. Ann. 42; Girard v. St. Louis Car Wheel Co., 123 Mo. 358; Enterprise Soap Works v. Sayers, 55 Mo. App. 15; Martin v. Fayetteville Bank, 131 N. Car. 121; Sanford v. Royal Ins. Co., 10 Wash. 202.

If for any reason a tender would be idle and useless, it is unnecessary. 29 Am. & Eng. Enc. Law (2d Ed.) 691; Reynolds v. Reynolds, 45 Mo. App. 622; Kester v. Rockel, 2 W. & S. 365; Nau v. Jackman, 58 Iowa, 359; Furman v. Rapelje, 67 Ill. App. 31.

*John O. Hanchett,* for respondent.

Acceptance of an offer must be in accordance with its terms and unconditional. 11th Cent. Digest Col. 106-109; Carr v. Duval, 39 U. S. 77, 10 L. R. A. 361; Baker v. Holt, 14 N. W. 8; N. W. Iron Co. v. Mead, 21 Wis. 474, 94 Am. Dec. 557; Knight v. Cooley, 34 Iowa, 218; Clark v. Burr, 55 N W. 401; Russel v. Falls Mfg. Co., 82 N. W. 134.

Where no time or place of performance is provided, and the obligations of both are to be simultaneously performed, a tender, demand and refusal must be shown before suit can be maintained. Arnet v. Smith, 11 N. D. 55, 88 N. W. 1037; 11 Century Dig. Col. 1148, 1458, 1460; Hawley v. Mason, 33 Am. Dec. 522; Provost v. Putnam, 19 L. Ann. 84; Brown v. Gammon, 14 Me. 276; Worley v. Mourning, 4 Ky. 254; Morey v. Enke, 5 Minn. 392.

MORGAN, C. J. This is an action for damages claimed under an alleged breach of a contract to sell and convey real estate. The alleged contract on which the action is based is evidenced solely by the following letters which passed between the parties and are made a part of the complaint, viz: On June 6, 1906, plaintiff wrote to the defendant as follows: "A. N Beiseker * * * A. Amberson, Esq., Snohomish, Wash.—Dear Sir:—Do you wish to sell your store building and lot in Harvey? If so, what is the very lowest spot cash price you will take, if I buy the place within 10 days from the time I get your answer from you to this letter. I have the cash and would buy the building if you wish to sell reasonable.

Please let me hear from you by first mail and greatly oblige, Yours truly, A. N. Beiseker." On June 20th defendant answered plaintiff's letter as follows: "Mr. A. N. Beiseker, Harvey, N. D.—Dear Sir: Your favor at hand and in reply must say I cannot give you my price on my property in Harvey, at present, on account of a party who is wanting to buy it, but as soon as I hear from him will let you know at once. Yours respectfully, A. Amberson, R. F. D. No. 1." On July 16th defendant wrote to the plaintiff as follows: "Snohomish, Wash., 7-16-06. * * * In reply to your favor of some time ago. My price on my store building and lot in Harvey is $2,500—part cash and on time and $2,300—net cash to me. Please answer at once and oblige. * * * A. Amberson." On July 20th plaintiff wrote to the defendant as follows: "I am just in receipt of your favor of the 16th inst., and contents noted. I will accept your cash proposition on your business building and lot on cash basis, namely $2,300.00, and beg to hand you herewith my check for $100.00 and will ask you to make out the deed to John W. Yelland and send the same to the German State Bank of Harvey, N. Dak., or First International Bank, Portal, No. Dak., with a letter stating for them to deliver this deed to me when I pay the balance of $2,200.00, which I will do as soon as received at either bank. You will have the deed made out and have it signed by you and your wife and then send this with your abstract to which ever bank of the two named above that you wish, and I will pay the balance on receipt of the deed and abstract at the bank. In this way the bank won't deliver the deed or the abstract until I have paid the $2,200.00. You will kindly assign the insurance policies that you have to John W. Yelland and send them along with the deed. This is in accordance with your letter of the 16th inst. in which you say that you will take $2,300.00 net cash to you. Yours truly, A. N. Beiseker. P. S. Please advise me what bank you send the deed to so that I can call at the bank the day it reaches here or Portal and take it up." On July 28th defendant answered plaintiff's last letter as follows: "I inclose you herewith and return to you your check sent to me, as it came a little too late. Hence the party I spoke of in my letter to you accepted my figures and by right is the first although there is a point between us and if we don't agree I will let you know. * * * A. Amberson." Immediately after the receipt of defendant's letter of July 28th, the plaintiff commenced

this action, and seeks to recover the sum of $500 damages. The complaint is framed on the theory of an offer in writing to sell real estate for a specific price, and an unconditional acceptance of such offer in writing, thereby making a binding contract to sell the real estate. The defendant demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer, and the plaintiff has appealed from the order sustaining the same.

It is an elementary principle in the law of contracts that an unqualified acceptance by letter in answer to an offer submitted by letter creates a binding contract in writing. It is also equally well eseablished that any counter proposition or any deviation from the terms of the offer contained in the acceptance is deemed to be in effect a rejection, and not binding as an acceptance on the person making the offer, and no contract is made by such qualified acceptance alone. In other words the minds of the parties must meet as to all the terms of the offer and of the acceptance before a valid contract is entered into. It is not enough that there is a concurrence of minds of the price of the real estate offered to be sold. If the purchaser adds anything in his acceptance not contained in the offer, then there is no contract. In this case there was an unqualified acceptance of the offer so far as the price is concerned. After that the acceptance advances terms by the writer as to the carrying out and execution of the contract that were in no manner contained in the offer. Among the new terms imposed by the plaintff was the one asking the defendant to send the deed to one of two banks named in the letter. The defendant was entitled as a matter of law to have the cash price paid to him at Snohomish, Wash., where the offer was made; and without his consent he was not compelled to send the deed to any place or bank until the price was paid. If plaintiff had accepted the offer unconditionally, his right to a deed could have been made effectual only by a tender of the price to the defendant personally; and, by requiring defendant to send the deed elsewhere, a condition was attached to the acceptance which the defendant was not under any legal obligation to comply with.

The appellant contends that there is an unqualified acceptance contained in defendant's letter, and that what is thereafter contained in the letter is offered as a suggestion merely for the most convenient way of completing the transaction. We think that

the letter is not susceptible of that construction. At what place the price was to be paid was a part of the offer. The defendant was entitled to have the price paid to him simultaneously with the delivery of the deed, and he was not obligated to go to any bank for payment nor to communicate a deal with the bank before the price was paid. The following authorities fully sustain these principles: Harris Bros. v. Reynolds (N. D.) 114 N. W. 369; Gilbert v. Baxter, 71 Iowa, 327, 32 N. W. 364; N. W. Iron Co. v. Meade, 21 Wis. 480, 94 Am. Dec. 557; Batie v. Allison, 77 Iowa, 313, 42 N. W. 306; Wristen v. Bowles, 82 Cal. 84, 22 Pac. 1136; Weaver v. Burr, 31 W. Va. 736, 8 S. E. 743, 3 L. R. A. 94; Baker v. Holt, 56 Wis. 100, 14 N. W. 8; Wilkin Mfg. Co. v. H. M. Loud & Sons L. Co., 94 Mich. 158, 53 N. W. 1045; Nat. Bank v. Hall, 101 U. S. 43, 25 L. Ed. 822; Russell v. Falls Mfg. Co.,106 Wis. 329, 82 N. W. 134; Langellier v Schaefer, 36 Minn. 361, 31 N. W. 690. The appellant relies on Kreutzer v. Lynch, 122 Wis. 474, 100 N. W. 887, as sustaining his contention. We do not think that it does. In that case the court found from evidence not contained in the letter of acceptance that the acceptor did not intend to vary the terms of the offer, but that the additional conditions were offered as suggestions merely. In this case the corespondence only is before us.

There is another condition contained in the letter of acceptance, which we think varies the terms of the offer in a material matter. The defendant is requested to assign the policy of insurance concerning which nothing was said in the offer. The policy of insurance does not follow a conveyance of the land without assignment. It is subject to cancellation before the time of its running expires, and, if canceled, the insured is usually entitled to a rebate of a portion of the premium. The policy, therefore, represented something of value to the insured, which he could not be called upon to assign as a matter of right. By requiring this to be done a condition was added to the acceptance.

Other matters contained in the acceptance are urged as presenting additional conditions, but we do not pass upon them, as they are not argued by the appellant. There was no tender of the purchase price. The respondent claims that no action for damages will lie until such tender or until tender is waived.

The appellant contends that no tender was necessary for the reason that the defendant unqualifiedly refused to comply with the offer, and that a tender is not required before commencing the

action in case it appears that a tender would be a futile act. This is undoubtedly a general principle of law. On reading the defendant's letter in which he returned the check, it is apparent that the refusal to convey the property was not final. It was to depend upon the fact whether defendant and another purchaser would agree, and defendant expressly stated: "If we don't agree, I will let you know." Under such circumstances, the refusal was not final, or positive or absolute, and it is not a proper legal inference from the language used that a tender would have been a futile act.

The order is affirmed. All concur.